Bruce H. Jackson, State Bar No. 98118
bruce.jackson@bakermckenzie.com
Colin H. Murray, State Bar No. 159142
colin.murray@bakermckenzie.com
Keith L. Wurster, State Bar No. 198918
keith.wurster@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Nicholas O. Kennedy, State Bar No. 280504
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Attorneys for Petitioner
VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>Petitioner,<br><br>v.<br><br>ASHOT YEGIAZARYAN a/k/a ASHOT EGIAZARYAN,<br><br>Respondent. | Case No. 2:14-CV-09764<br><br>**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**<br><br>[9 U.S.C. § 207] |

Petitioner Vitaly Ivanovich Smagin (hereinafter referred to as "Petitioner" or "Smagin"), by his attorneys, Baker & McKenzie LLP, hereby files this Petition under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, available at 1970 WL 104417 (the "New York Convention"), which was ratified by Congress and codified at 9 U.S.C. §§ 201 et seq.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

SFODMS-#6725032-v1

Case No. 2:14-CV-09764
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

## PARTIES

1. Petitioner is an individual Russian citizen and businessman residing at Krasnoproletarskaya st., h. 9, 127006, Moscow, Russia. Petitioner is the claimant in a recently completed arbitration before the London Court of International Arbitration that is the subject of this Petition (the "Arbitration").

2. Respondent Ashot Yegiazaryan, a/k/a Ashot Egiazaryan ("Yegiazaryan") is a Russian national currently residing at 655 Endrino Place, Beverly Hills, California 90201 and one of the respondents in the underlying Arbitration that is the subject of this Petition.

## JURISDICTION AND VENUE

4. The United States of America, the Russian Federation, and the United Kingdom are all signatories to the New York Convention.

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 203, regardless of the amount in controversy.

6. This Court has personal jurisdiction over Respondent Yegiazaryan because he resides in the state of California.

7. Venue is appropriate in the Western Division of the Central District of California because Respondent Yegiazaryan's residence is in Los Angeles County, California and, pursuant to 9 U.S.C. § 204, in the absence of an agreement to the contrary, venue is proper in any federal court that has subject matter jurisdiction.

## FACTUAL BACKGROUND

8. On November 11, 2014, an arbitration panel duly constituted under the Rules of the London Court of International Arbitration rendered its final award in *Vitaly Ivanovich Smagin, Claimant, v. Kalken Holdings Limited and Ashot Yegiazaryan, Respondents*, LCIA Case No. 101721[1]. The Arbitration was conducted

---

[1] Kalken Holdings Limited, a company existing under the laws of Cyprus, registered under Company No. 167709 and with its address at 15 Agiou Pavlou Street, LEORA House, Agios Andreas 1105, Nicosia, Cyprus and controlled by Yegiazaryan was also a respondent in the Arbitration. The award was issued jointly and severally as to both respondents, but confirmation is sought here only as to Yegiazaryan.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

SFODMS-#6725032-v1

Case No. _____
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

in London, UK during the period September 23-27, 2013, January 14, 2014 and April 15, 2014.  The final award was issued on November 11, 2014  (the "London Award"). The London Award is a foreign arbitral award covered by the New York Convention because the place of arbitration and the place of the award is London, UK.  A certified true and correct copy of the London Award is attached to the Declaration of Bruce H. Jackson filed herewith as **Exhibit 1.**

9. The Arbitration arose out of a series of disputes relating to the investment in and operation of a retail complex in Moscow and a related venture involving the financing of the refurbishment of a Moscow hotel.  In connection with these ventures, the parties executed several written agreements, three of which contained arbitration clauses providing that any controversies between the parties arising under the Agreements would be settled by binding arbitration in accordance with the rules of the London Court of International Arbitration.  True and correct copies of the relevant agreements containing the arbitration clauses on which the panel based its decision are attached to the Declaration of Bruce H. Jackson filed herewith as **Exhibit 2, A-C.**

10. Represented by counsel, respondents Yegiazaryan and Kalken Holdings Limited objected to the jurisdiction of the arbitration panel.  After taking evidence and hearing argument on the jurisdictional issues, the arbitration panel overruled these objections.  In the London Award, the arbitration panel found that by binding written agreements the parties had agreed to binding arbitration of their disputes, that the claims raised in the arbitration were within the scope of the arbitration agreements and were properly referred to arbitration, and that the arbitration panel thus had jurisdiction to decide the claims and issue an award.  London Award, Paras. 155-176.

11. Represented by counsel, respondents Yegiazaryan and Kalken Holdings Limited defended the arbitration claims on their merits.  Yegiazaryan disputed the claims that he was in breach of obligations under various agreements, as asserted by Smagin.  After taking evidence and hearing argument on the merits, the arbitration panel determined that respondents Yegiazaryan and Kalken Holdings Limited had

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

SFODMS-#6725032-v1

3

Case No. _____
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

breached their obligations under a 2008 Partnership Agreement and that as a result of these breaches respondents Yegiazaryan and Kalken Holdings Limited were jointly and severally liable for losses suffered by Smagin. London Award, Paras. 177-198; 212.

12. Represented by counsel, respondents Yegiazaryan and Kalken Holdings Limited defended the arbitration claims on the quantum of damages caused by their breaches of contract. The arbitration panel took evidence, including expert testimony, and heard argument on the issue of the quantum of damages incurred as a result of the breaches of contract.

13. In the London Award, the arbitration panel awarded damages in favor of Smagin, and against Yegiazaryan, in the total amount of **$84,290,064.20** (with interest at the annual rate of eight (8) percent, compounded quarterly, on the amount of $79,142,701.32, from November 11, 2014 until paid), broken down as follows:

(a) $72,243,000 as compensation for losses suffered by Smagin;

(b) $6,899,701.32 in pre-award interest calculated by applying an annual simple interest rate of seven percent to the $72,243,000 in damages ;

(c) post-award interest on the $72,243,000 in damages and $6,899,701.32 in pre-award interest at an annual quarterly compounded rate of 8%;

(d) $4,959,416.88 [2] for legal fees and disbursements; and

(e) $187,946[3] for arbitration costs. London Award, Paras. 49-50.

---

[2] The London Award ordered legal fee and disbursements reimbursement in the currency denominations in which the fees and disbursements were originally incurred, as follows: 2,658,151.93 GBP, USD 672,354.08 and 2,958,750.00 RUB. The Ruble and British Pound amounts were converted to U.S. dollars based on applicable conversion rates in place as of the date of the November 11, 2014 Arbitration Award (2,658,151.93 GBP = US$4,222,290.00 and 2,958,750.00 RUB= US $64,772.80). Jackson Decl., ¶ 10, **Ex. 3**.

[3] The London Award ordered arbitration cost reimbursement in GBP, as follows: GBP118,321.75. This British Pound amount was converted to U.S. dollars based on applicable conversion rates in place as of the date of the November 11, 2014 Arbitration Award (118,321.75 GBP = US$187,946.000. Jackson Decl., ¶ 10, **Ex. 3.**

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

SFODMS-#6725032-v1

Case No. _____
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

14. Pursuant to Article 26.9 of the LCIA Rules: "All awards shall be final and binding on the parties. By agreeing to arbitration under these Rules, the parties undertake to carry out any award immediately and without any delay (subject only to Article 27); and the parties also waive irrevocably their right to any form of appeal, review or recourse to any state court or other judicial authority, insofar as such waiver may be validly made". Jackson Decl., ¶12, **Ex. 4**. The London Award is thus final and immediately due and payable to Smagin, even though Yegiazaryan has filed an action in England challenging the jurisdiction of the tribunal.

15. The arbitration agreement and London Award fall under the New York Convention because they arise out of legal and contractual relationships that are commercial and are not entirely between citizens of the United States. Furthermore, the relationships from which the dispute arose involved property located abroad, envisaged performance or enforcement abroad and had other reasonable relationships with one or more foreign states. 9 U.S.C. § 202.

16. This Petition is authorized by the London Court of International Arbitration Rules and 9 U.S.C. § 207.

17. The New York Convention governs the enforcement and confirmation of foreign arbitration awards, including the London Award, which was issued in the United Kingdom – a New York Convention nation. 9 U.S.C. §§ 201, 202; *see Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1121 (9th Cir. 2002).

18. This Court has authority to confirm the London Award under 9 U.S.C. § 207, as it is a final award falling under the New York Convention, "made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." New York Convention Art. I, Sec. 1.

19. No grounds for refusal of or deferral of recognition or enforcement exist. 9 U.S.C. § 207.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

SFODMS-#6725032-v1

Case No. _____
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

20. This Petition is timely because it is filed within three years after the London Award was made. 9 U.S.C. § 207.

### **PRAYER**

Petitioner prays that:

A. This Court enter an order confirming the London Award made by the arbitration panel of the London Court of International Arbitration ("LCIA") in Case No. 101721, as authorized by 9 U.S.C. § 207;

B. This Court enter a judgment that conforms to the London Award of the LCIA, as is set forth in the accompanying Proposed Judgment -- a judgment in favor of Petitioner and against Yegiazaryan in the total amount of **$84,290,064.20** (with interest at the annual rate of eight (8) percent, compounded quarterly, on the amount of $79,142,701.32, from November 11, 2014 until paid);

C. This Court awards Petitioner his costs and disbursements in this proceeding; and

D. This Court award Petitioner any and all other relief that the Court deems just and proper.

Dated: December 22, 2014   BAKER & McKENZIE LLP

By: /s/ Bruce H. Jackson
  Bruce H. Jackson
  Attorneys for Petitioner
  VITALY IVANOVICH SMAGIN

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

SFODMS-#6725032-v1

6

Case No. _____
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD