NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>  Petitioner,<br><br>  v.<br><br>ASHOT YEGIAZARYAN, a.k.a.<br>ASHOT EGIAZARYAN,<br><br>  Respondent. | CASE NO. 2:14-cv-09764-R<br><br>ORDER GRANTING IN PART<br>PLAINTIFF'S EX PARTE APPLICATION<br>FOR RIGHT TO ATTACH ORDER AND<br>TEMPORARY PROTECTIVE ORDER |

  Before the Court is Petitioner Vitaly Ivanovich Smagin's *ex parte* application for a right to attach order and temporary protective order.

  On December 22, 2014, Petitioner Smagin filed this action seeking to confirm a final international arbitration award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38. At arbitration, Respondent Ashot Yegiazaryan and Kalken Holdings Limited, a company existing under the laws of Cyprus, were found jointly and severally liable to Petitioner in the amount of $84,290,064.20. These damages stemmed from a business venture that included Petitioner and Respondent related to a retail-center project in Moscow, Russia. Respondent has not paid this award.

1    Although he is apparently an international fugitive on Interpol's wanted list, Respondent currently resides in Beverly Hills. Accordingly, Petitioner desires to obtain an enforceable California judgment to levy upon Respondent's assets and collect the arbitration award. Petitioner, however, is concerned that the assets may be concealed or transferred to a foreign jurisdiction before such judgment may be obtained. In support of his concern, Petitioner cites to his previous business dealings with Respondent, in which Respondent rearranged the ownership structure of the retail park to render Petitioner's stake essentially worthless. Indeed, the arbitration panel specifically found that Respondent misappropriated Petitioner's interest in the park by transferring assets to companies owned, in part, by Respondent. Petitioner also notes that Respondent controls entities in numerous foreign jurisdictions, which may be used to conceal assets. Finally, Petitioner offers evidence that Respondent has been the subject of "numerous investigations in which his honesty has [been] called into question," certain of which involve improper transfer of shares to Respondent's family members and trustees.

Under Federal Rule of Civil Procedure 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Under California law, the Court shall issue a "right to attach order" on an ex parte basis if the court makes the following findings: (1) the claim is one on which an attachment may be issued; (2) the plaintiff has established the probable validity of the claim upon which the attachment is based; (3) the attachment is not sought for any other purpose than to secure recovery on the claim; (4) the affidavit accompanying the application shows that the property sought to be attached is not exempt; (5) the plaintiff will suffer great and irreparable injury if issuance of the order is delayed until the matter may be heard on notice; and (6) the amount to be secured by the attachment is greater than zero. Cal. Civ. Proc. Code § 485.220. Even if all of the requirements of § 485.220 are satisfied, the Court may issue only a temporary protective order if it would be in the interests of justice and equity to the parties. Cal. Civ. Proc. Code § 486.030.

The Court finds that Petitioner has made the requisite showing that it is entitled to the immediate relief of a Temporary Protective Order. Petitioner has arbitrated claims for breach of

1  contract against Respondent, which are claims on which an attachment may be issued. As
2  determined by the arbitration panel, the claims consistent of a fixed or readily ascertainable
3  amount of $84,290,064.20. The Court also finds that Petitioner has established the probable
4  validity of its claim, as he has submitted the decision of the arbitration panel in his favor.
5  Petitioner's affidavit declares that that the property sought to be attached is not exempt and that
6  the attachment is not sought for any other purpose than to secure recovery on the claim. Finally,
7  based on Petitioner's previous dealings with Respondent and on the evidence submitted with the
8  application, the Court finds that Petitioner will suffer great and irreparable injury if issuance of the
9  order is delayed until the matter may be heard on notice. Accordingly, the Court will issue a
10 Temporary Protective Order, the terms of which are set forth below. However, in the interest of
11 justice, the Court denies, without prejudice, Petitioner's application for a right to attach order.

12       IT IS HEREBY ORDERED that the ex parte application for a right to attach order and
13 temporary protective order is GRANTED IN PART AND DENIED IN PART. (Dkt. No. 5.)

14       IT IS FURTHER ORDERED THAT Respondent Ashot Yegiazaryan, his agents, and/or
15 any person or entity acting under his direction and control shall not take any action to transfer,
16 assign, conceal, diminish, or dissipate any property located in California--in an amount up to
17 $84,290,064.20--that may be used to satisfy the foreign-arbitral award payable to Vitaly Smagin,
18 including specifically and without limitation the amounts received or to be received by
19 Respondent Yegiazaryan, his agents or any person or entity acting under his direction and control
20 in payment or satisfaction of an arbitration award from Suleyman Kerimov, as well as any shares
21 in Endrino Corporation or any other entity. The Court shall require Petitioner to post security in
22 the amount of $10,000.

23  ////////
24  ////////
25  ////////
26  ////////
27  ////////
28  ////////

1   Petitioner is directed to comply with § 486.030(b).  Petitioner's application for a right to
2   attach order will be set for hearing on January 20, 2015 at 10:00 a.m.  The temporary protective
3   order will remain in effect until the Court's determination of Petitioner's application for a right to
4   attach order.
5   Dated:  December 23, 2015.

```
                                    _____
                                         MANUEL L. REAL
                                    UNITED STATES DISTRICT JUDGE
```

4