Bruce H. Jackson, State Bar No. 98118
bruce.jackson@bakermckenzie.com
Colin H. Murray, State Bar No. 159142
colin.murray@bakermckenzie.com
Keith L. Wurster, State Bar No. 198918
keith.wurster@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Nicholas O. Kennedy, State Bar No. 280504
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099
Attorneys for Petitioner
VITALY IVANOVICH SMAGIN

Michael S. Adler, SBN 190119
madler@ta-llp.com
Joel M. Tantalo, SBN 206096
jtantalo@ta-llp.com
**TANTALO & ADLER LLP**
1901 Avenue of the Stars, Ste. 1000
Los Angeles, CA 90067

Telephone: (310) 734-8695
Fax: (310) 734-8696

Attorneys for Respondent
ASHOT YEGIAZARYAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VITALY IVANOVICH SMAGIN

Petitioner,

v.

ASHOT YEGIAZARYAN,

Respondent.

**CASE NO. 14-cv-09764-R (PLAx)**

Before the Honorable Manuel L. Real
United State District Judge

**STIPULATION AND MOTION FOR STAY OF PROCEEDINGS AND PRELIMINARY INJUNCTION PREVENTING TRANSFER OR DISSIPATION OF ASSETS**

WHEREAS, on or about November 11, 2014, an arbitration panel of the London Court of International Arbitration issued an award in favor of the petitioner in *Vitaly Ivanovich Smagin, Claimant, v. Kalken Holdings Limited and Ashot Yegiazaryan, Respondents*, LCIA Case No. 101721 (the “London Award”), and

WHEREAS, the arbitration panel heard the matter in London and applied English law, and

WHEREAS, respondent Ashot Yegiazaryan (“Yegiazaryan”) continuously objected to the jurisdiction of such panel, including objecting to an asserted forgery of a 2008 agreement containing an arbitration clause and purporting to bear Yegiazaryan’s signature, and

WHEREAS, the arbitration panel rejected Yegiazaryan’s objections and found that Yegiazaryan did sign such 2008 agreement and that the arbitration panel had jurisdiction over Yegiazaryan, and

WHEREAS, on or about December 9, 2014, Yegiazaryan filed a claim in the High Court of Justice, Queen’s Bench Division, Commercial Court seeking to set aside the award, *inter alia*, on the basis that the 2008 agreement is alleged to be a forgery and in any event does not contain a proper arbitration agreement and therefore that the arbitration panel was without jurisdiction to issue the London Award, and

WHEREAS, pursuant Section 67 of the International Arbitration Act of 1996 in England, the High Court of Justice will conduct its own independent review of Yegiazaryan’s jurisdictional defense, including the taking of new evidence on the issue of whether the arbitration panel had jurisdiction over Yegiazaryan, and

WHEREAS, pursuant to the New York Convention on the Recognition and Enforcement of Arbitral Awards (the “New York Convention”), the English Court is considered to have “Primary Jurisdiction” over the London Award, and

WHEREAS, on December 22, 2014, petitioner Vitaly Ivanovich Smagin (“Smagin”) filed this action seeking confirmation of the arbitration award pursuant to

the New York Convention and seeking security for such an award under Federal Rules of Civil Procedure 64 and 65 and California Code of Civil Procedure §§ 483.010, 484.020, 482.210, and 486.010 to prevent the dissipation, concealment, or transfer to a foreign jurisdiction of Yegiazaryan's assets necessary to satisfy the terms of the London Award and any possible judgment confirming that award by this Court, and

WHEREAS, on December 23, 2014, this Court issued an *Ex Parte* Temporary Protective Order preventing the transfer out of California of Respondent's assets that may be used to satisfy the London Award. *See* ECF No. 9. After an agreed extension of the hearing date on Petitioner's Application for Right to Attach Order, the Temporary Protective Order was extended until the date of the rescheduled hearing, and

WHEREAS, like in London, Yegiazaryan contends in this proceeding that confirmation of the London Award in this Court is inappropriate under the New York Convention pursuant to Article V, Section 1(a), on the ground that the agreement to arbitrate was not valid because, *inter alia*, Yegiazaryan alleges he never signed such agreement and the agreement was forged, and

WHEREAS, Yegiazaryan further contends that his jurisdictional defense cannot be resolved on a summary basis and will require a trial before this Court on the same matters already pending before the English High Court of Justice, and

WHEREAS, pursuant to the New York Convention, Article VI, a court asked to enforce a foreign arbitration award may "adjourn the decision on the enforcement of the award" if there is a pending application before a court in the country in which the decision was rendered, and

WHEREAS, the parties agree that the matters previously pending before the English High Court of Justice are highly likely to be dispositive of all matters in this action, and

WHEREAS, given the existence of a previously filed action in the English High Court of Justice (which has primary jurisdiction over this matter), the parties agree that

both the general principles of comity and efficiency, as well as the specific provisions of Article VI of the New York Convention, support a stay of proceedings on the merits in this matter pursuant to the Court's discretion to do so, and

WHEREAS, Petitioner maintains his concern that Respondent may transfer assets that may be used to satisfy an eventual judgment confirming the London Award out of this jurisdiction pending resolution of the English challenge and this proceeding and has sought assurances that the stay of these U.S. enforcement proceedings will not prejudice Petitioner's ability to collect on the London Award should it be upheld against the pending challenge and confirmed in this action, and

WHEREAS, Respondent agrees not to dissipate, conceal, or transfer to any foreign jurisdiction any assets he may own that are currently in California or which come into California during the stay, and, conditional upon the stay in these proceedings, specifically consents in connection with that stay to an extension of the current Temporary Protective Order and conversion of that order into a Preliminary Injunction so that it remains in effect until the conclusion of this U.S. enforcement action, and

WHEREAS, Federal Rule of Civil Procedure 65(b)(2) allows the Court to extend a Temporary Restraining Order for "for good cause" or when the "adverse party consents". Federal Rule of Civil Procedure 65 also allows a court to grant a preliminary injunction pursuant to notice to the adverse party, and

WHEREAS, the parties agree to a conversion of the Temporary Protective Order into a Preliminary Injunction containing substantially the same terms as the Temporary Protective Order granted on December 23, 2014 and remaining in effect until conclusion of the U.S. proceedings. The parties further agree that the $10,000 in security previously deposited by Petitioner with the Clerk of Court shall constitute adequate security for the Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(c).

THEREFORE, subject to the approval of the Court, the parties AGREE and STIPULATE that,

(a) Pursuant to Article VI of the New York Convention, as applied via the Federal Arbitration Act, 9 U.S.C. § 201, this matter should be stayed pending a determination on the merits by the English High Court of Justice in the claim challenging the London Award filed by Yegiazaryan on or about December 9, 2014

(b) Pending a final determination on the merits in this matter (or a dismissal of the same), as to any assets Yegiazaryan, his agents, and/or any person or entity acting under his direction and control shall be preliminarily enjoined from taking any action to transfer, assign, conceal, diminish, or dissipate any property of Yegaizaryan located in California--in an amount up to $84,290,064.20--that may be used to satisfy the foreign-arbitral award payable to Vitaly Smagin, including specifically and without limitation the amounts received or to be received by Respondent Yegiazaryan or on his behalf by his agents or any person or entity acting under his direction and control in payment or satisfaction of an arbitration award from Suleyman Kerimov, as well as any shares in Endrino Corporation or any other entity to the extent owed by Yegiazaryan. Petitioner's previous deposit of $10,000 in security with the Clerk of Court shall constitute adequate security for the Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(c). This injunction does not preclude Yegiazaryan from expenditures in the ordinary course, nor does it preclude him from payment of attorneys' fees and costs related to litigation.

(c) Petitioner hereby withdraws its application for a Right to Attach Order without prejudice to refiling in the future and respectfully requests that the hearing on this application currently scheduled for February 17, 2015 be cancelled.

(d) The parties agree that, should the London Award be set aside or annulled by the English High Court of Justice, Respondent shall be entitled to a release of the Preliminary Injunction, fourteen days after such ruling becomes final, without prejudice to any right of Petitioner to seek a continuation of that injunction or other similar relief.

DATED: February 3, 2015

**TANTALO & ADLER LLP**

By ______________________
Michael S. Adler
Attorneys for Respondent

**BAKER & McKENZIE LLP**

By: ______________________
Nicholas Kennedy
Attorneys for Petitioner
VITALY IVANOVICH SMAGIN