NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY IVANOVICH SMAGIN, | CASE NO.  CV 14-9764-R |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EXPANDED PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY |
| v. | |
| ASHOT YEGIAZARYAN, | |
| Defendant. | |

Before the Court is Petitioner Vitaly Ivanovich Smagin's *ex parte* application for expanded preliminary injunction and expedited discovery.

In December 2014, this Court granted Plaintiff's *ex parte* application for a temporary restraining order ("TRO") prohibiting Defendant Yegiazaryan, his agent, and/or any person or entity acting under his direction and control to transfer, assign, conceal, diminish, or dissipate any property located in California in an amount up to $84,290,064.20 (the amount of the London Award). In February 2015, the TRO was converted to a preliminary injunction and the case was stayed pending a ruling on Defendant Yegiazaryan's challenge to the London Award in the English High Court. In June 2015, the English High Court heard Defendant Yegiazaryan's

challenge, which included hours of live testimony by both Defendant Yegiazaryan and Plaintiff Smagin. The English High Court rejected Defendant Yegiazaryan's challenge to the London Award, finding specifically that Yegiazaryan "did not tell the court the truth" in critical testimony about his business interests and that "the manner in which he gave his evidence did not suggest that he was seeking to assist the court." Notwithstanding the English High Court's ruling, Defendant Yegiazaryan has filed another appeal to the English Court of Appeal.

In the meantime, Plaintiff believes on good authority that Defendant Yegiazaryan has secured a $100 million settlement in an unrelated case. Afraid that Defendant Yegiazaryan will attempt to conceal the proceeds of this settlement, Plaintiff asks this Court to issue an expanded preliminary injunction to prevent Yegiazaryan's concealment of assets worldwide.

Federal Rule of Civil Procedure 65 establishes the procedure for securing preliminary injunctive relief in civil actions. The purpose of a preliminary injunction is to preserve the status quo between parties pending a final determination of the merits. A court is vested with full discretion to determine whether to grant the injunction and its scope. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). The mere fact that the property lies outside the boundaries of the state does not render a court powerless. If the court has personal jurisdiction over the defendant, and use of the court's injunctive power is appropriate, the court may order the defendant to restrain the use of the assets. *See United States v. First Nat. City Bank*, 379 U.S. 378, 384 (1965) ("Once personal jurisdiction of a party is obtained, the District Court has authority to order it to 'freeze' property under its control, whether the property be within or without the United States.").

The evidence demonstrates that Plaintiff Smagin will suffer irreparable harm if the current injunction is not expanded to encompass Defendant Yegiazaryan's worldwide reach. In granting the 2014 TRO, this Court considered the Defendant's previous business dealings with Plaintiff Smagin where Defendant rearranged the ownership structure of the retail park to render Plaintiff's stake essentially worthless. Indeed, the arbitration panel specifically found that Defendant Yegiazaryan misappropriated Plaintiff's interest in the park by transferring assets to companies owned, in part, by Defendant. Since then, Plaintiff Smagin has provided this Court with testimony from Defendant Yegiazaryan himself where he admits to using nominees and offshore companies

1  to conceal his assets. Albeit the Defendant claims such tactics are used to prevent corporate
2  raiding by making it "more complicated for the potential raiders to define the ownership of the
3  assets," these maneuvers can be likewise be used to prevent satisfaction of Plaintiff's impending
4  judgment. Because Plaintiff has identified new developments that justify a different scope of
5  relief, this Court expands the scope of the current preliminary injunction from California to all of
6  Defendant Yegiazaryan's assets worldwide. This Court has personal jurisdiction over the
7  Defendant, and therefore has jurisdiction over the Defendant's property whether the property be
8  within or without the United States.

9  Plaintiff has also requested expedited discovery of Defendant Yegiazaryan's assets. Rule
10 26(d) of the Federal Rules of Civil Procedure provides that formal discovery will not commence
11 until after the parties have conferred as required by Rule 26(f). *In re Countrywide Fin. Corp.*
12 *Derivative Litiq.*, 542 F.Supp.2d 1160, 1179 (C.D. Cal. 2008). A court may, however, permit a
13 party to conduct expedited discovery before the Rule 26(f) conference upon a showing of good
14 cause. *Id*.

15 "The good cause standard may be satisfied where a party seeks a preliminary injunction;"
16 however it is not automatically granted merely because a party seeks such an injunction. *Qwest*
17 *Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc*., 213 F.R.D. 418, 419 (D.Colo. 2003); *see, e.g.,*
18 *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth*., 234 F.R.D. 4, 7
19 (D.D.C. 2006). Factors commonly considered in determining the reasonableness of expedited
20 discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the
21 breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the
22 burden on the defendants to comply with the requests; and (5) how far in advance of the typical
23 discovery process the request was made. *Qwest Commc'ns Int'l, Inc*., 213 F.R.D. at 419.
24 Moreover, "in every case, the court has the discretion, in the interests of justice, to prevent
25 excessive or burdensome discovery." *Id*.

26 The requested discovery here is in support of both the existing preliminary injunction and
27 the motion for an expanded injunction. It is requested over eight months after the initial case was
28 filed and only shortly the parties' Rule 26(f) pretrial conference must be held. The discovery is

narrowly tailored and necessary to prevent Defendant Yegiazaryan from further transferring or concealing assets. Defendant had knowledge of the *ex parte* motion for expanded preliminary injunction and expedited discovery; however, Defendant's opposition cites no reason why this Court should deny Plaintiff's requests and instead argues that Plaintiff's motion is a tactical attempt to take advantage of this Court. The Court disagrees.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expanded Preliminary Injunction and Expedited Discovery (Dkt. No. 29) is GRANTED as follows:

(1) Deposition of Mr. Yegiazaryan limited to identification of assets he owns or that are owned on his behalf, and the entities or individuals who hold those assets;

(2) Interrogatories narrowly tailored to identify those assets and their ownership; and

(3) Production of documents identifying those assets and their ownership.

**IT IS HEREBY FURTHER ORDERED** that Defendant Ashot Yegiazaryan, his agents, and/or any person or entity acting under his direction and control shall not take any action to transfer, assign, conceal, diminish, or dissipate any property located worldwide, in an amount up to $84,290,064.20, that may be used to satisfy the foreign-arbitral award payable to Vitaly Smagin, including specifically and without limitation the amounts received or to be received by Defendant Yegiazaryan, his agents or any person or entity acting under his direction and control in payment or satisfaction of an arbitration award from Suleyman Kerimov or any other entity. The Court has already accepted Plaintiff's posting of $10,000 as security.

Dated: September 18, 2015.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4