Bruce H. Jackson, State Bar No. 98118
bruce.jackson@bakermckenzie.com
Anne M. Kelts, State Bar No. 298710
anne.kelts@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Nicholas O. Kennedy, State Bar No. 280504
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Attorneys for Petitioner
VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>Petitioner,<br><br>v.<br><br>ASHOT YEGIAZARYAN, a.k.a. ASHOT EGIAZARYAN<br><br>Respondent. | **Case No. 14-cv-09764-R (PLAx)**<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY IN AID OF EXECUTION OF JUDGMENT**<br><br>Before: The Honorable Manuel L. Real<br>Courtroom: 8, 2nd Floor<br>312 N. Spring Street<br>Los Angeles, CA 90012 |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

6762515-v1\SFODMS

Case No. 14-cv-09764-R (PLAx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

# STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY IN AID OF EXECUTION OF JUDGMENT

WHEREAS, on March 17, 2016, the Court granted summary judgment (ECF 56) in favor of Petitioner Vitaly Smagin on his petition to confirm an arbitral award in his favor (the "London Award") and on March 31, 2016 entered final judgment (ECF 59) in Petitioner's favor and against Respondent Ashot Yegiazaryan in the amount of $ 92,503.652, as of February 8, 2016, plus interest (the "Judgment");

WHEREAS, Petitioner has commenced discovery in aid of execution of the Judgment pursuant to Federal Rule of Civil Procedure 69(a)(2);

WHEREAS, Respondent contends that discovery in aid of execution of the Judgment, including that discovery already propounded by Petitioner, may necessitate the disclosure of information (through documents, testimony, or both) that Respondent believes to be private and confidential insofar as it incorporates proprietary, financial, and/or other highly sensitive personal information.

WHEREAS, the Parties deem it appropriate to provide for the protection of such information without agreeing that the specific information is, in fact, confidential or proprietary, and to preserve all Parties' rights to challenge any such designation at a later time;

WHEREAS, the Parties believe that entry of this Protective Order will permit discovery in aid of execution of the Judgment to proceed more expeditiously and with less expense by reducing the need for motions for protective orders and by avoiding disputes over confidential material.

NOW, THEREFORE, IT IS HEREBY AGREED, STIPULATED THAT:

**1.**   This Protective Order shall govern all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things) which is

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

Case No. 14-cv-09764-R (PLAx)
[PROPOSED] STIPULATED PROTECTIVE ORDER

designated as containing "Confidential Information" as defined herein, that is produced or generated in disclosures or responses by Respondent to any discovery propounded by Petitioner pursuant to Rule 69.

**2.** The term "Confidential Information" shall mean confidential and/or proprietary commercial, financial, budgeting, and/or accounting information; information that could reasonably be used to perpetuate identity theft; and any other information that is reasonably believed by Respondent to be non-public, proprietary, or confidential. Examples of the types of information that would fall within these categories include, among other things, the following: (i) compensation information (such as salary or other earnings), (ii) social security number; (iii) date of birth; (iv) credit status; (v) credit history and bankruptcy history (whether personal bankruptcy or of a company in which the person was a majority owner); (vi) information relating to assets, debts, expenditures and/or net worth; (vii) bank account information; (viii) investment information; (ix) taxpayer information. "Confidential Information" shall expressly not include the following: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to Petitioner prior to the disclosure or obtained by the Petitioner after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to Respondent.

**3.** Confidential documents shall be so designated affixing the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, Respondent also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Respondent must take care to limit any such designation to specific material that qualifies under the appropriate standards and must designate for protection only those parts of material, documents, items, or oral or written communications that

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

2

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the efforts to enforce the Judgment in this case or to impose unnecessary expenses and burdens on Petitioner) expose the Respondent to sanctions.

**4.** Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. Portions of deposition transcripts that concern material designated as Confidential Material shall automatically be given the same designation.

**5.** Material or testimony designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material or testimony designated as confidential (hereinafter "Confidential Material") shall be used only for the purposes of this Action and any and all actions, proceedings or efforts relating to enforcement of the Judgment or the London Award or to discover assets that may be used to satisfy either (including, without limitation, any actions or proceedings to freeze or enjoin the transfer or concealment of assets, to obtain further clarification of the beneficial ownership of assets or alleging fraudulent transfers made to conceal beneficial ownership of assets and/or to avoid enforcement of the Judgment or award), pursuant to the terms and conditions of this Protective Order, and for no other purpose absent an express written agreement between the Parties providing otherwise or order of a court of applicable jurisdiction. The Parties agree that Confidential Material may not be provided to or used in any criminal proceeding other than a proceeding specifically

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

3

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

relating to or arising from enforcement of the Judgment or the London Award.

**6.** Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to an appropriate court or tribunal, to counsel for Petitioner (including the paralegal, clerical, and secretarial staff employed by counsel), and to the "qualified persons" designated below, only in accordance with the purposes set forth in Paragraph 5 above:

(a) Petitioner, or an officer, director, or employee of Petitioner deemed necessary by counsel to aid in litigation;

(b) Experts, investigators or consultants (together with their clerical staff) retained by such counsel;

(c) Court reporter(s);

(d) A witness at any deposition or other legal proceeding; and

(e) Any other person as to whom the Parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form of Attachment A hereto, a copy of which shall be provided forthwith to counsel for each other party.  No other persons shall be entitled to receive or review Confidential Material.

**7.** Confidential Material produced pursuant to this Protective Order and designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY may only be shown to outside counsel for Petitioner and all other protections afforded to Confidential Material under the Protective Order apply to documents so designated. As to documents used in actions or proceedings envisaged by Paragraph 5, Petitioner shall take all reasonable steps to ensure:  (i) that information relating to Confidential Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that is disclosed or used in any other actions or proceedings is sealed and accessible only by the judicial/tribunal authority in those other actions or proceedings and no other parties; and (ii) that documents designated as "CONFIDENTIAL –

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

4

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

OUTSIDE ATTORNEYS' EYES ONLY" are in no event disclosed to anyone other than the persons authorized to receive such materials under paragraph 6 of the instant protective order.

8. Only qualified persons may attend depositions at which Confidential Material is used or discussed.

9. Nothing herein shall impose any restrictions on the use or disclosure by a Petitioner of material obtained independent of formal discovery, whether or not such material is also obtained through discovery.

10. If Confidential Material, including, without limitation, any portion of a deposition transcript designated as Confidential, is included in any papers to be filed with or provided to any court or tribunal, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential papers are not segregable). The application shall be directed to the court or tribunal to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. If, any time, any Confidential Material is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, from a person who received such Confidential Material under this Protective Order, the person to whom the subpoena or request is directed, to the extent permitted by law, shall promptly give notice to the Respondent and include with that notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall not produce documents for at least ten (10) days after the notice of the subpoena is provided to the Respondent in order to provide the Respondent a reasonable period of time in which to quash, limit or object to the subpoena or request, or to move for any protection for the Confidential Material. In no event shall such Confidential Material subject to this Protective Order be produced by a person receiving a subpoena or request without

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

5

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

providing the Respondent an opportunity to quash, limit, or object, absent a Court order to do so or as otherwise required by law.  In the event that Confidential Material is produced in response to a subpoena or request, the recipient of the subpoena or request shall take commercially reasonably steps to ensure that the protections afforded under this Protective Order shall continue to apply to such Confidential Material.

**12.**  This Protective Order shall be without prejudice to the right of the Parties (a) to bring before any court or tribunal at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order. Petitioner may challenge a designation of confidentiality at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, Petitioner does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**13.**  The Parties shall attempt to resolve any challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient). Petitioner may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph.

**14.**  This Protective Order is solely for the purpose of facilitating the

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

6

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

production of documents and disclosure of information from Respondent to Petitioner in response to Rule 69 discovery requests, without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15. The designation and production of Confidential Material pursuant to this Protective Order shall not be construed as a concession by Respondent that such information is relevant, material, or admissible as to any issue.

16. Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials that are otherwise beyond the permissible scope of discovery. This Protective Order is intended only to provide a mechanism for the handling of Confidential Material to which there is no objection to producing or disclosing other than as to its confidentiality.

17. Information or documents disclosed through mistake or inadvertence without the designation as Confidential Material may be so designated subsequent to production or testimony if Respondent provides replacement materials bearing appropriate designations and notifies Petitioner promptly after becoming aware of same. Moreover, any information or documents disclosed through mistake or inadvertence that is privileged under the attorney-client communication or the work product privilege may be so designated subsequent to production or testimony if Respondent promptly notifies Petitioner, and the inadvertent or mistaken production of privileged material shall not waive such privilege.

18. In the event that any Confidential Material is disclosed, either willfully or inadvertently, by Petitioner in contravention of this Protective Order, the Confidential

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

7

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

Material shall not lose its status through such disclosure and the Parties shall take all steps reasonably required to assure its continued confidentiality.

**19.** This Protective Order shall survive the final termination of enforcement efforts and proceedings to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon final reversal (the judgment is reversed, and either rehearing/rehearing en banc and/or cert. are not sought or they are denied), satisfaction or expiration of the Judgment, counsel for Petitioner shall, upon request by Respondent, assemble and return to Respondent all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

**20.** The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all Parties or by order of the Court.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: September 22, 2016       _____
United States District Judge

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

8

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER

## ATTACHMENT "A"

Non-Disclosure Agreement

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Regarding Discovery in Aid of Execution of Judgment entered in *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan*, No. 14-cv-09764-R (PLAx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purposes of enforcing this non-disclosure agreement.

Dated: _____

Signature _____
                Printed/Typed Name

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

9

Case No. 14-cv-09764-R (PLAx)
STIPULATED PROTECTIVE ORDER