# Exhibit 7

GRACE A. JAMRA, ESQ./SBN 163493
BASEL G. JAMRA, ESQ./SBN 214123
JAMRA & JAMRA, LLP
9320 Wilshire Blvd., Suite 204
Beverly Hills, CA 90212
Telephone:  310.278.9001
Facsimile:  310.278.9002

Attorney for Respondent
ASHOT EGIAZARYAN

**FILED**
Superior Court of California
County of Los Angeles

JUN 2 3 2015

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Kathy Hong

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF LOS ANGELES

NATALIA TSAGOLOVA,

           Petitioner,

       v

ASHOT EGIAZARYAN,

           Respondent.

Case No.: BD595136

**SUPPLEMENTAL RESPONSIVE
DECLARATION OF B. MARIE
EBERSBACHER, CPA/ABV/CFF, CFE**

DATE:  July 7, 2015
TIME:  8:30 a.m.
DEPT:  2C

I, B. MARIE EBERSBACHER, declare as follows:

1.  I am not a party to the within action. I am a CPA (Certified Public Accountant) licensed to practice in the State of California. I hold the designations of ABV (Accredited in Business Valuation) and CFF (Certified in Financial Forensics), presented by the American Institute of Certified Public Accountants; and CFE (Certified Fraud Examiner), presented by the Association of Certified Fraud Examiners. I am a Shareholder and Managing Director in the accounting firm Mayer Hoffman McCann P.C. and I am the firm's Forensic and Financial Services National Practice Leader. My qualifications are set forth at **Exhibit 1**. Unless

1

JAMRA & JAMRA
9320 Wilshire Blvd. Suite 204
Beverly Hills, CA 90212

otherwise stated, I have firsthand knowledge of the facts stated herein, and if called as a witness, I would and could competently testify thereto. This declaration should not be construed as expressing opinions on matters of law, which are outside my expertise and are for the Court to determine. However, to the extent I have interpreted contracts or other evidence; these interpretations necessarily reflect my understanding thereof from an accounting perspective.

2. Grace A. Jamra, and Basel G. Jamra, of the Jamra & Jamra, LLP law firm, retained my firm on behalf of Ashot Egiazaryan, Respondent, effective May 8, 2015. We were engaged to perform financial analyses related to the dissolution of the parties' marriage, including but not limited to support issues; and the identification, valuation, and tracing of community and separate assets. Our engagement includes declarations and expert witness testimony as needed.

3. The declaration is a Supplemental Responsive Pleading to *Petitioner's Request for Order for Pendente Lite Child Support and Spousal Support* and to *Petitioner's various Notices of Motion and Declarations for Joinder*. This includes responding to the declarations prepared by Petitioner's forensic accountant, Mr. William Scott Mowrey, Jr., CPA, dated April 8, 2015, and May 1, 2015, which were attached to *Petitioner's Reply Declaration in Support of her Request for Order for Child Support and Spousal Support* and *Petitioner's Reply Declaration in Support of her Notices of Motion and Declarations for Joinder*.

4. This analysis is preliminary and my opinions are subject to updates if, or when, I receive or review additional information that may change my opinion. To date, we have been provided over 10,000 documents to review, including hundreds of pages in legal filings. While discovery is ongoing, given the volume of existing documents I estimate that I will require an additional 6-8 months to complete my

2

review and tracing analysis of community and separate assets in order to address and respond to various assumptions and conclusions made by Mr. Mowrey related to various assets.

## SUMMARY OF OPINIONS

5. Based on the documents reviewed thus far, which are delineated at the end of this declaration, the following are my opinions:

   a. Assets reported in Mr. Mowrey's declaration are legally owned by others. As such, income derived from those assets is not income available for support of either party.

   b. Mr. Mowrey's imputation of income includes funds transferred as long as 17 years ago with no evidence that the funds are still retained by the entity. No evidence has been provided that income is currently earned or realized from these funds.

   c. Respondent's real property, financial accounts, and business entities were frozen by Russian authorities in 2010 and he has no access to equity, principal or interest on these assets.

   d. Respondent is currently supported by family.

   e. Petitioner pays no housing expenses and is supported by third parties.

   f. Petitioner's income and cash flow exceeds Respondent's income and cash flow.

///

3

SUPPLEMENTAL RESPONSIVE DECLARATION 06/23/2015

### (a) ASSETS REPORTED IN MR. MOWREY'S DECLARATION ARE LEGALLY OWNED BY OTHERS

6. Mr. Mowrey's declaration dated May 1, 2015 includes income from entities legally held by others, including Respondent's cousin, Suren Egiazaryan ("Suren"), and Respondent's brother, Artem Egiazaryan ("Artem").[1] Petitioner contends these are community properties; however, Petitioner does not dispute that title and legal ownership are held by others.   The properties include:

    a. Clear Voice, which is legally owned by Suren, Respondent's cousin.[2]

    b. Mogford Impex Corporation, which is legally owned by Artem, Respondent's brother.[3]

    c. Daev, LLC, an entity legally owned by Artem and another third party.[4]

        1. Mr. Mowrey provides no evidence of actual income currently earned or realized from this entity.

        2. The income calculation did not include any allowance for expenses, which would include but may not be limited to management fees and/or tenant improvements.

---

[1] Because the last names of Respondent's cousin and brother are the same as Respondent's, we refer to them by their first names to avoid confusion.
[2] Declaration of Suren Egiazaryan dated November 5, 2014, page 1, line 11 and Respondent's declaration dated November 5, 2014, page 1, lines 22-23.
[3] Deposition of Artem Egiazaryan on May 25, 2012 in US District Court, Southern District of New York in regards to the Matter of Ashot Egiazaryan v. Peter Zalmayev, Page 62, line 25 through Page 63, line 11.
[4] Declaration of Respondent dated April 1, 2015, page 9, line 23.

4

3. The rental income calculation did not account for common area space in the estimate for the occupancy percentage applied to the average rent rate.

4. Mr. Mowrey references this entity in connection with the ownership of a commercial real property in Russia called Daev Plaza, which Daev, LLC does not own. The commercial real property in Russia has been seized by Russian authorities.

d. Silver Oak Properties was legally owned by Artem.[5] The properties were sold in 2014.[5]

**(b) MR. MOWREY'S IMPUTATION OF INCOME INCLUDES FUNDS TRANSFERRED AS LONG AS 17 YEARS AGO WITH NO EVIDENCE THAT THE FUNDS ARE STILL RETAINED BY THE ENTITY**

7. Mr. Mowrey seeks to impute a 3% rate of return on amounts allegedly in business accounts as long as 17 years ago, with no evidence that these amounts still exist. No evidence has been provided that income is currently earned or realized from these funds. These include:

a. "Nevada Corporation". $20,000,000 in funds that were alleged to have been transferred to a "Nevada Corporation", which Mr. Mowrey assumes is Clear Voice, Inc., an entity owned by Suren. These funds were allegedly transferred in about 1998, over 17 years ago.[6]

---

[5] Declaration of Artem Egiazaryan dated April 2, 2015, page 4, line 1-3.
[6] Mr. Mowrey cites a declaration by Andrey Gloriozov dated October 6, 2011 as his evidence that such a transfer occurred, the amount and timing of the transfer, and the source and destination of the funds. This declaration and exhibit has been struck as inadmissible evidence from the record pursuant to Court Rulings Regarding

5

b.  Mogford Impex Corporation. $3,000,000 in funds that were alleged to have been transferred to Mogford Impex Corporation. The dates, amounts, and purpose for the transfer of these funds are not provided in Mr. Mowrey's declaration. [7]

c.  Proceeds from the sale of a Gulfstream 550 that (according to Mr. Mowrey's declaration) was sold in 2009 for $36,000,000. This aircraft was owned by Mogford Impex Corporation per the Respondent's deposition testimony on January 19, 2012 (pp. 248-251) in another matter.

8.  Further, many of these funds are alleged to have been transferred to the entities with disputed-ownership as discussed in paragraph 5.a., above.

### (c) RESPONDENT'S ASSETS WERE FROZEN IN RUSSIA IN 2010 AND HE HAS NO ACCESS TO PRINCIPAL OR INTEREST

9.  All assets, including real property, financial accounts, and business entities owned by Respondent in Russia were frozen in 2010 and remain frozen. [8] Respondent is unable to access equity, withdraw funds from accounts, or operate the business entities. Earnings, if any, cannot be withdrawn.

### (d) RESPONDENT IS CURRENTLY SUPPORTED BY FAMILY

10. Respondent currently lives with his cousin, Suren. He pays no rent and basic living expenses are paid by Suren. He drives a car loaned to him by Suren. [9]

Respondent's Evidentiary Objections to and Request to Strike Portions of the Declaration of Petitioner dated November 12, 2014.
[7] Ibid.
[8] Declaration of Respondent dated October 14, 2014, page 2, lines 24-25
[9] Declaration of Respondent dated April 27, 2015, page 7, lines 4-5

6

11. Suren and Artem have been funding the substantial litigation expenses related to various litigations in foreign jurisdictions, including the parties' largest asset, a $242.5 million judgment awarded in the London Court of International Arbitration ("LCIA"), [10] which was subject to challenge. This challenge was recently resolved by way of a negotiated settlement. The terms of the settlement are subject to a strict confidentiality agreement and the parties are in the process of executing the necessary confidentiality agreement to protect the settlement terms, but enable Respondent to provide Petitioner with the necessary information. Once received, these funds could be conservatively invested such that Petitioner, Respondent, and their minor children may be able to live off of the interest earned.

12. Suren has been loaning both parties money to meet their expenses. [11] At least $10.5 million has been loaned to Respondent by Suren. [12] Approximately $5 million of that amount is reported on the Clear Voice, Inc. general ledgers. Clear Voice, Inc. is owned by Suren. [13]

**(e) PETITIONER PAYS NO HOUSING EXPENSES AND IS SUPPORTED BY THIRD PARTIES**

13. In Petitioner's Income and Expense declaration dated March 20, 2015, she includes proposed rent expense of $42,551. However, as previously outlined,

---

[10] Declaration of Suren Egiazaryan dated November 5, 2014, page 8, I, lines 9 – 14 and Agreement dated February 20, 2011.
[11] Declaration of Suren Egiazaryan dated Novemeber 5, 2014, pages 7-8, paragraphs 54 through 56.
[12] Per the LA Business Consulting, Inc. Letter dated June 12, 2014 see **Exhibit 2**.
[13] Declaration of Suren Egiazaryan dated November 5, 2014, page 1, line 11 and Respondent's declaration and Respondent's declaration dated November 5, 2014, page 1, lines 22-23.

7

Petitioner is living in a residence where housing expenses are paid by Endrino Corporation and/or Suren.[14]

14. Petitioner produced American Express accounts #73103 and #51012 statements, indicating total charges of $1,963,000 between January 2009 and March 2015 (exclusive of two months of missing statements). This represents average spending of approximately $32,000 per month. The primary account holder for both accounts is Mr. Edward Lozansky. Mr. Lozansky paid all balances in full.[15]

15. Petitioner's banking records evidence wire transfers from Nikolay Tsagalova, who I am informed is Petitioner's relative. Amounts range from 14,000 euros (approximately $18,897) transferred on 10/15/2013 to $90,000 (US dollars) transferred on 2/23/2015.

**(f) PETITIONER'S INCOME AND CASH FLOW EXCEED RESPONDENT'S INCOME AND CASH FLOW**

16. According to Petitioner's federal tax returns, Petitioner reported "Consulting Gross Receipts" of $32,952 in 2012 and $46,635 in 2013. We do not have the 2014 tax returns to determine if Petitioner reported these amounts in 2014. The relevant pages of the 2012 and 2013 tax returns are attached as **Exhibit 3** and **Exhibit 4**.

17. Petitioner receives the rental income generated by the community property residence in Italy. In 2013, the most current tax return in our possession,

---

[14] Declaration of Suren Egiazaryan dated November 5, 2014, page 8, paragraph 58
[15] Declaration of Respondent dated April 27, 2015, pages 8-9, paragraphs 26 – 28.

8

Petitioner reported annual net income from the Italian Condominium before depreciation of $10,614 as set forth in **Exhibit 5**.

18. The parties entered in to a Marital Settlement Agreement.[16] Pursuant to this agreement, Respondent asserts that Petitioner received approximately $20 million in real estate. [17] Based on information we have at this time, we cannot confirm the remaining balances and as such have not imputed income to Petitioner.

## CONCLUSIONS

19. Respondent's Income Available for Support. Respondent is legally prohibited to work in the United States. [18]  Respondent is currently not generating any income due to his assets being frozen in Russia. Petitioner seeks to impute income on aged cash balances allegedly held in entities that are legally titled to others. Respondent has been living by borrowing money from his family members, and Petitioner has no mortgage or rental expense and monthly expenses are paid by a third party.

20. Petitioner's Income Available for Support. We have not been provided with information on Petitioner's income since 2013.  As discussed above, Petitioner received $10,614 in 2013, which we have assumed will continue in the future. She also previously received consulting income.

///

///

---

[16] The date of the Marital Settlement Agreement is in dispute.  It has been submitted in to evidence previously in this matter.
[17] Declaration of Respondent dated November 5, 2014, pages 9-10, paragraphs 19-20.
[18] Declaration of Respondent dated April 27, 2015, Page 9, lines 32 – 36; Page 10, lines 1-5.

9

## DOCUMENTS REVIEWED

21. The primary documents we have reviewed in preparation of this declaration are set forth below:

   a. Individual Tax Returns for the Years 2011 through 2013 for Ashot Egiazaryan, Natalia Tsagolova, and Artem Egiazaryan

   b. Entity Formation Documents

   c. Property Title Reports

   d. Entity Declaration of Trusts / Attestation Statements

   e. Share Certificates / Register

   f. Business Loan Agreements

   g. Business Real Estate Agreements

   h. Real Estate Purchase Closing Documents

   i. Business Purchase Agreements

   j. Business Ownership Transfer Agreements

   k. Business Investment Agreements

   l. Bank, Investment, and Credit Card Statements

   m. LA Business Consulting Letter Regarding Loan Confirmation

   n. Documents related to other litigations which the Parties' are/were involved

   o. Selected Filings in this Matter and attached exhibits

   p. Parties' Marital Property Settlement Agreement

   q. Freezing and Seizure Orders

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in San Diego, California, on June _____23_____, 2015.

B. Marie Ebersbacher, CPA/ABV/CFF, CFE

10

**MARIE EBERSBACHER, CPA/ABV, CFE**
Shareholder, Mayer Hoffman McCann P.C.
Forensic & Financial Services National Practice Leader

**EXPERIENCE:**   Ms. Ebersbacher is the firm's Forensic and Financial Services National Practice Leader and a Managing Director in the Southern California offices. She specializes in forensic accounting, complex tracing, and valuation. Ms. Ebersbacher has performed analyses in hundreds of engagements including high net-worth marital estate dissolutions, account tracings, fraud investigations, business valuations, breaches of contract, shareholder and partnership disputes, contract analyses, and economic damages. Ms. Ebersbacher is a contributing author to John Wiley & Sons 2011 "Family Law Services Handbook".

Ms. Ebersbacher has been designated as an expert and testified throughout Southern California on family law, fraud, forensic accounting, economic damages, business valuation, and shareholder dissolution issues.

**CREDENTIALS:**
- Certified Public Accountant (CPA), 2001
- Certified Fraud Examiner (CFE), 1998
- Accredited in Business Valuation (ABV), 2002
- Certified in Financial Forensics (CFF), 2008
- CalCPA State Fraud Section Chair 2006-2008; past Officer positions 2002-2006
- CalCPA State Forensic Services Section Steering Committee Vice-Chair 2014-2016; past Officer positions 2010-2014
- CalCPA Bakersfield Chapter President 2004-2005
- CalCPA Bakersfield Litigation Section Chair 2001-2002
- CalCPA State Financial Literacy Committee 2003-2004
- CalCPA Member of Council 2003-2004
- Lecturer –Fraud Examination and Forensic Accounting
- Previous Exam Question Writer - AICPA Uniform CPA Examination

**EDUCATION:**
- University of Southern California, Bachelor of Science in Business Finance & Economics, 1996

**PROFESSIONAL ASSOCIATIONS:**
- American Institute of Certified Public Accountants
- California Society of Certified Public Accountants
- CalCPA Forensic Services Section Steering Committee
- CalCPA Sub-Committees on Fraud, Business Valuation, Family Law, and Economic Damages
- AICPA/CalCPA Ambassador

**RATE:**
- $445 per hour, including testimony.

EXHIBIT _____



June 12, 2014

To whom it may concern,

This letter is to confirm that as of today, June 12,2014, Ashot Egiazaryian borrowed from Suren Egiazaryian $10,500,000(ten million five hundred thousand dollars)

Sincerely,

LA Business Consulting, Inc.

EXHIBIT "2"

**SCHEDULE C**
**(Form 1040)**

**Profit or Loss From Business**
(Sole Proprietorship)

OMB No. 1545-0074

**2012**

Department of the Treasury
Internal Revenue Service    (99)

▶ For information on Schedule C and its instructions, go to *www.irs.gov/schedulec.*
▶ Attach to Form 1040, 1040NR, or 1041; partnerships generally must file Form 1065.

Attachment
Sequence No.    **09**

Name of proprietor

Natalia Tsagolova

Social security number (SSN)

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

**A**  Principal business or profession, including product or service (see instructions)

Consulting

**B**  Enter code from instructions

▶ 541910

**C**  Business name. If no separate business name, leave blank.

**D**  Employer ID number (EIN), (see instrs)

**E**  Business address (including suite or room no.) ▶ 655 Endrino Pl

City, town or post office, state, and ZIP code    Beverly Hills, CA 90210

**F**  Accounting method:    **(1)**  [X] Cash  **(2)**  [ ] Accrual  **(3)**  [ ] Other (specify) ▶

**G**  Did you 'materially participate' in the operation of this business during 2012? If 'No,' see instructions for limit on losses ...  [X] Yes  [ ] No

**H**  If you started or acquired this business during 2012, check here .................................................▶

**I**  Did you make any payments in 2012 that would require you to file Form(s) 1099? (see instructions) ......................  [ ] Yes  [X] No

**J**  If 'Yes,' did you or will you file all required Forms 1099? .........................................................  [ ] Yes  [ ] No

**Part I**  **Income**

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the 'Statutory employee' box on that form was checked.............. ▶ [ ] | 1 | 149,472. |
| 2 | Returns and allowances (see instructions)................................................ | 2 | |
| 3 | Subtract line 2 from line 1......................................................... | 3 | 149,472. |
| 4 | Cost of goods sold (from line 42).................................................... | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3............................................... | 5 | 149,472. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions)................................................................. | 6 | |
| 7 | **Gross income.** Add lines 5 and 6................................................. ▶ | 7 | 149,472. |

**Part II**  **Expenses.** Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising..................... | 8 | | 18 | Office expense (see instructions) ........ | 18 | |
| 9 | Car and truck expenses (see instructions) .............. | 9 | 821. | 19 | Pension and profit-sharing plans ......... | 19 | |
| 10 | Commissions and fees ......... | 10 | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) .............. | 11 | | | **a** Vehicles, machinery, and equipment ..... | 20 a | |
| 12 | Depletion .................... | 12 | | | **b** Other business property ................. | 20 b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) .............. | 13 | | 21 | Repairs and maintenance ............... | 21 | |
| | | | | 22 | Supplies (not included in Part III) ........ | 22 | |
| | | | | 23 | Taxes and licenses .................... | 23 | 51,936. |
| | | | | 24 | Travel, meals, and entertainment: | | |
| 14 | Employee benefit programs (other than on line 19 ......... | 14 | | | **a** Travel ............................. | 24 a | |
| 15 | Insurance (other than health) ... | 15 | | | **b** Deductible meals and entertainment (see instructions) ..................... | 24 b | |
| 16 | Interest: | | | 25 | Utilities ........................... | 25 | |
| | **a** Mortgage (paid to banks, etc) ....... | 16 a | | 26 | Wages (less employment credits) ....... | 26 | 62,323. |
| | **b** Other ........................ | 16 b | | 27 a | Other expenses (from line 48) ........... | 27 a | 1,440. |
| 17 | Legal & professional services ... | 17 | | | **b** Reserved for future use ............... | 27 b | |

| | | | |
|---|---|---|---|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a .. ................... ▶ | 28 | 116,520. |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7............................................ | 29 | 32,952. |
| 30 | Expenses for business use of your home. Attach **Form 8829.** Do **not** report such expenses elsewhere ......... | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29.<br>● If a profit, enter on both **Form 1040, line 12** (or **Form 1040NR, line 13)** and on **Schedule SE, line 2.** If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.**<br>● If a loss, you **must** go to line 32. | 31 | 32,952. |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions).<br>● If you checked 32a, enter the loss on both **Form 1040, line 12,** (or **Form 1040NR, line 13)** and on **Schedule SE, line 2.** (If you checked the box on line 1, see the instructions for line 31). Estates and trusts, enter on **Form 1041, line 3.**<br>● If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | 32 a [X] All investment is at risk.<br>32 b [ ] Some investment is not at risk. |

**BAA  For Paperwork Reduction Act Notice, see your tax return instructions.**    FDIZ0112  01/03/13    Schedule **C** (Form 1040) 2012

EXHIBIT __"3"__

J&J003031

Schedule **C** (Form 1040) 2012 Natalia Tsagolova                    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              Page **2**

**Part III** **Cost of Goods Sold** (see instructions)

| | | | | |
|---|---|---|---|---|
| 33 | Method(s) used to value closing inventory: **a** ☐ Cost   **b** ☐ Lower of cost or market   **c** ☐ Other (attach explanation) | | | |
| 34 | Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If 'Yes,' attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☐ No | | | |
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 35 | |
| 36 | Purchases less cost of items withdrawn for personal use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 36 | |
| 37 | Cost of labor. Do not include any amounts paid to yourself. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 37 | |
| 38 | Materials and supplies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 38 | |
| 39 | Other costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 39 | |
| 40 | Add lines 35 through 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 40 | |
| 41 | Inventory at end of year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 | |
| 42 | **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on line 4 . . . . . . . . . . . . . . . . . . . | 42 | |

**Part IV** **Information on Your Vehicle.** Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43   When did you place your vehicle in service for business purposes? (month, day, year)   ▶ 01/01/2012 .

44   Of the total number of miles you drove your vehicle during 2012, enter the number of miles you used your vehicle for:

**a** Business _____ 1,480    **b** Commuting (see instructions) _____   5,600   **c** Other _____   7,600

| | | |
|---|---|---|
| 45 | Was your vehicle available for personal use during off-duty hours? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☒ Yes ☐ No |
| 46 | Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ Yes ☒ No |
| 47 a | Do you have evidence to support your deduction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☒ Yes ☐ No |
| **b** | If 'Yes,' is the evidence written? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☒ Yes ☐ No |

**Part V** **Other Expenses.** List below business expenses not included on lines 8-26 or line 30.

| | |
|---|---|
| Telephone Expenses | 1,440. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| 48   **Total other expenses.** Enter here and on line 27a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48 | 1,440. |

FDIZ0112  01/03/13

J&J003032

| SCHEDULE C (Form 1040) | **Profit or Loss From Business** (Sole Proprietorship) | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | ▶ For information on Schedule C and its instructions, go to *www.irs.gov/schedulec.* ▶ Attach to Form 1040, 1040NR, or 1041; partnerships generally must file Form 1065. | 20**13** Attachment Sequence No. **09** |

| Name of proprietor | Social security number (SSN) |
|---|---|
| Natalia Tsagolova | 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 |

**A** Principal business or profession, including product or service (see instructions)
   Consulting

**B** Enter code from instructions ▶ 5 4 1 9 1 0

**C** Business name. If no separate business name, leave blank.

**D** Employer ID number (EIN), (see instr.)

**E** Business address (including suite or room no.) ▶ 655 Endrino Pl
   City, town or post office, state, and ZIP code ▶ Beverly Hills, CA 90210

**F** Accounting method: (1) ☒ Cash   (2) ☐ Accrual   (3) ☐ Other (specify) ▶

**G** Did you "materially participate" in the operation of this business during 2013? If "No," see instructions for limit on losses  ☒ Yes  ☐ No

**H** If you started or acquired this business during 2013, check here ▶ ☐

**I** Did you make any payments in 2013 that would require you to file Form(s) 1099? (see instructions)  ☐ Yes  ☒ No

**J** If "Yes," did you or will you file required Forms 1099?  ☐ Yes  ☐ No

### Part I   Income

| | | | |
|---|---|---|---:|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked . . . . . . . ▶ ☐ | 1 | 56,139. |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . | 2 | |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . | 3 | 56,139. |
| 4 | Cost of goods sold (from line 42) . . . . . . . . . . . . . | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3 . . . . . . . . . . | 5 | 56,139. |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) . . | 6 | |
| 7 | **Gross income.** Add lines 5 and 6 . . . . . . . . . . . . ▶ | 7 | 56,139. |

### Part II   Expenses          Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---:|---|---|---|---|---:|
| 8 | Advertising . . . . . | 8 | | 18 | Office expense (see instructions) | 18 | |
| 9 | Car and truck expenses (see instructions) . . . . . | 9 | 5,904. | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees . | 10 | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion . . . . . | 12 | | b | Other business property . . | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | | 21 | Repairs and maintenance . . . | 21 | |
| | | | | 22 | Supplies (not included in Part III) . | 22 | |
| | | | | 23 | Taxes and licenses . . . . | 23 | |
| | | | | 24 | Travel, meals, and entertainment: | | |
| 14 | Employee benefit programs (other than on line 19) . | 14 | | a | Travel . . . . . . . | 24a | |
| 15 | Insurance (other than health) | 15 | | b | Deductible meals and entertainment (see instructions) | 24b | 1,800. |
| 16 | Interest: | | | 25 | Utilities . . . . . . | 25 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) . | 26 | |
| b | Other . . . . . | 16b | | 27a | Other expenses (from line 48) . . | 27a | 1,800. |
| 17 | Legal and professional services | 17 | | b | Reserved for future use . . | 27b | |

| | | | |
|---|---|---|---:|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a . . . . . ▶ | 28 | 9,304. |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . | 29 | 46,635. |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions). Simplified method filers only: enter the total square footage of: (a) your home: _____ and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 . . . . . . | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29. • If a profit, enter on both **Form 1040, line 12** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.** • If a loss, you **must** go to line 32. | 31 | 46,635. |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions). • If you checked 32a, enter the loss on both **Form 1040, line 12,** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.** • If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | 32a ☐ All investment is at risk. 32b ☐ Some investment is not at risk. | |

For Paperwork Reduction Act Notice, see the separate instructions.    BAA    REV 03/03/14 PRO    Schedule C (Form 1040) 2013
J&J003006

EXHIBIT _____"4"_____

J&J003006

Schedule C (Form 1040) 2013    Page **2**

**Part III    Cost of Goods Sold  (see instructions)**

33    Method(s) used to
value closing inventory:    **a** ☐ Cost    **b** ☐ Lower of cost or market    **c** ☐ Other (attach explanation)

34    Was there any change in determining quantities, costs, or valuations between opening and closing inventory?
If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes    ☐ No

| | | |
|---|---|---|
| 35    Inventory at beginning of year. If different from last year's closing inventory, attach explanation . . . | **35** | |
| 36    Purchases less cost of items withdrawn for personal use  . . . . . . . . . | **36** | |
| 37    Cost of labor. Do not include any amounts paid to yourself . . . . . . . | **37** | |
| 38    Materials and supplies   . . . . . . . . . . . . . . | **38** | |
| 39    Other costs . . . . . . . . . . . . . . . . | **39** | |
| 40    Add lines 35 through 39 . . . . . . . . . . . . | **40** | |
| 41    Inventory at end of year . . . . . . . . . . . . | **41** | |
| 42    **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on line 4 . . . . . | **42** | |

**Part IV    Information on Your Vehicle.**  Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43    When did you place your vehicle in service for business purposes? (month, day, year)    ▶ 01/01/2012

44    Of the total number of miles you drove your vehicle during 2013, enter the number of miles you used your vehicle for:

**a** Business _____10,450____  **b** Commuting (see instructions) _____  **c** Other _____ 10,629

45    Was your vehicle available for personal use during off-duty hours? . . . . . . . . . . . . . . ☒ Yes    ☐ No

46    Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . . . . ☐ Yes    ☒ No

47a   Do you have evidence to support your deduction? . . . . . . . . . . . . . . . . . . ☒ Yes    ☐ No

  **b**   If "Yes," is the evidence written? . . . . . . . . . . . . . . . . . . . . . . . ☒ Yes    ☐ No

**Part V    Other Expenses.**  List below business expenses not included on lines 8–26 or line 30.

| | |
|---|---|
| Telephone Expenses | 1,800. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| 48    Total other expenses. Enter here and on line 27a . . . . . . . . . . . . . . **48** | 1,800. |

# SCHEDULE E
## (Form 1040)

**Supplemental Income and Loss**

(From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)

► Attach to Form 1040, 1040NR, or Form 1041.

► Information about Schedule E and its separate instructions is at *www.irs.gov/schedule.*

Department of the Treasury
Internal Revenue Service (99)

OMB No. 1545-0074

20**13**

Attachment
Sequence No. **13**

Name(s) shown on return: Natalia Tsagolova

Your social security number: 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

**Part I** Income or Loss From Rental Real Estate and Royalties  Note. If you are in the business of renting personal property, use Schedule C or C-EZ (see instructions). If you are an individual, report farm rental income or loss from **Form 4835** on page 2, line 40.

A  Did you make any payments in 2013 that would require you to file Form(s) 1099? (see instructions)  ☐ Yes  ☒ No

B  If "Yes," did you or will you file required Forms 1099?  ☐ Yes  ☐ No

1a  Physical address of each property (street, city, state, ZIP code)

| | |
|---|---|
| A | Condo Verona Italy 37126 |
| B | |
| C | |

| 1b | Type of Property (from list below) | 2 For each rental real estate property listed above, report the number of fair rental and personal use days. Check the **QJV** box only if you meet the requirements to file as a qualified joint venture. See instructions. | | Fair Rental Days | Personal Use Days | QJV |
|---|---|---|---|---|---|---|
| A | 1 | | A | 365 | 0 | ☐ |
| B | | | B | | | ☐ |
| C | | | C | | | ☐ |

**Type of Property:**

1 Single Family Residence    3 Vacation/Short-Term Rental   5 Land          7 Self-Rental
2 Multi-Family Residence     4 Commercial                  6 Royalties     8 Other (describe)

| Income: | Properties: | | A | B | C |
|---|---|---|---|---|---|
| 3 | Rents received . . . . . . . . . . . . . . | 3 | 31,783. | | |
| 4 | Royalties received . . . . . . . . . . . | 4 | | | |

| Expenses: | | | | | |
|---|---|---|---|---|---|
| 5 | Advertising . . . . . . . . . . . . . . . | 5 | | | |
| 6 | Auto and travel (see instructions) . . . . . . . | 6 | | | |
| 7 | Cleaning and maintenance . . . . . . . . . | 7 | 4,150. | | |
| 8 | Commissions. . . . . . . . . . . . . . | 8 | | | |
| 9 | Insurance . . . . . . . . . . . . . . . | 9 | | | |
| 10 | Legal and other professional fees . . . . . . . | 10 | | | |
| 11 | Management fees . . . . . . . . . . . . | 11 | 1,890. | | |
| 12 | Mortgage interest paid to banks, etc. (see instructions) | 12 | | | |
| 13 | Other interest. . . . . . . . . . . . . . | 13 | | | |
| 14 | Repairs. . . . . . . . . . . . . . . . | 14 | | | |
| 15 | Supplies . . . . . . . . . . . . . . . | 15 | | | |
| 16 | Taxes . . . . . . . . . . . . . . . . | 16 | 2,732. | | |
| 17 | Utilities. . . . . . . . . . . . . . . . | 17 | 4,030. | | |
| 18 | Depreciation expense or depletion . . . . . . . | 18 | 8,222. | | |
| 19 | Other (list) ► See Line 19 Other Expenses | 19 | 8,367. | | |
| 20 | Total expenses. Add lines 5 through 19 . . . . . | 20 | 29,391. | | |
| 21 | Subtract line 20 from line 3 (rents) and/or 4 (royalties). If result is a (loss), see instructions to find out if you must file **Form 6198** . . . . . . . . . . . . . . | 21 | 2,392. | | |
| 22 | Deductible rental real estate loss after limitation, if any, on **Form 8582** (see instructions) . . . . . . . | 22 | ( 1,744. )( | )( | ) |

| 23a | Total of all amounts reported on line 3 for all rental properties . . . . | 23a | 31,783. |
|---|---|---|---|
| b | Total of all amounts reported on line 4 for all royalty properties . . . . | 23b | |
| c | Total of all amounts reported on line 12 for all properties . . . . . . | 23c | |
| d | Total of all amounts reported on line 18 for all properties . . . . . . | 23d | 8,222. |
| e | Total of all amounts reported on line 20 for all properties . . . . . . | 23e | 29,391. |

| 24 | **Income.** Add positive amounts shown on line 21. **Do not** include any losses . . . . . . . . | 24 | 2,392. |
|---|---|---|---|
| 25 | **Losses.** Add royalty losses from line 21 and rental real estate losses from line 22. Enter total losses here | 25 | ( 1,744. ) |
| 26 | **Total rental real estate and royalty income or (loss).** Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 40 on page 2 do not apply to you, also enter this amount on Form 1040, line 17; or Form 1040NR, line 18. Otherwise, include this amount in the total on line 41 on page 2. . . . | 26 | 648. |

For Paperwork Reduction Act Notice, see the separate instructions.    **BAA**  REV 03/03/14 PRO    Schedule E (Form 1040) 2013

J&J003008

EXHIBIT *5*

1

**PROOF OF SERVICE**
*(C.C.P. § 1010.6, 1011, 1013, 1013a, 2015.5)*

2
*(Cal. Rules of Court, Rules 2.260, 2.306 [Rev. 1/1/09])*

3
**STATE OF CALIFORNIA** )

4
**COUNTY OF LOS ANGELES** )

5
    1.    At the time of service I was over 18 years of age and not a party to this action.

6
    2.    My residence or business address is 9320 Wilshire Boulevard, Suite 204, Beverly Hills, California 90212.

7

8
    3.    On **June 23, 2015**, I served following document(s): **SUPPLEMENTAL RESPONSIVE DECLARATION OF B. MARIE EBERSBACHER, CPA/ABV/CFF, CFE**, on the interested parties in this action as follows:

9

10
Joshua D. Schein, Esq.
Rosen Saba, LLP
9350 Wilshire Boulevard, Suite 250

11
Beverly Hills, California 90212

12
    4.    The document(s) were served by the following means:

13
    [X] **BY PERSONAL SERVICE**. I personally delivered the documents to the person(s) at the addresses listed above.

14

15
I declare under the penalty of perjury under the laws of the State of California that the

16
foregoing is true and correct.

17
Executed this _23rd_ day of June, 2015 at Beverly Hills, California 90212.

18

19

20
JAIME ALMANZA

21

22

23

24

25

26

27

28

1

1

**PROOF OF SERVICE**
*(C.C.P. § 1010.6, 1011, 1013, 1013a, 2015.5)*
*(Cal. Rules of Court, Rules 2.260, 2.306 [Rev. 1/1/09])*

2

3  **STATE OF CALIFORNIA**        )
                                  )
4  **COUNTY OF LOS ANGELES**      )

5      1.     At the time of service I was over 18 years of age and not a party to this action.

6      2.     My residence or business address is 9320 Wilshire Boulevard, Suite 204, Beverly Hills, California  90212.

7

8      3.     On **June 23, 2015**, I served following document(s): **SUPPLEMENTAL RESPONSIVE DECLARATION OF B. MARIE EBERSBACHER, CPA/ABV/CFF, CFE**, on the interested parties in this action as follows:

9

10 Ronald W. Anteau, Esq.
Feinberg, Mindel, Brandt & Klein, L.L.P.
12424 Wilshire Boulevard, Ninth Floor

11 Los Angeles, California   90025

12     4.     The document(s) were served by the following means:

13     [X]  **BY OVERNIGHT DELIVERY**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

14

15

16

17 I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19 Executed this 23rd day of June, 2015 at Beverly Hills, California   90212.

20

21                           JAIME ALMANZA

22

23

24

25

26

27

28

1



**800-322-5555 www.gso.com**

**Ship From**
JAMRA AND JAMRA LLP
JIMMY ALMANZA
9320 WILSHIRE BLVD STE 204
BEVERLY HILLS, CA 90212

**Ship To**
**FEINBERG MINDEL BRANDT & KLEIN**
**RONALD W. ANTEAU, ESQ.**
**12424 WILSHIRE BLVD**
**9TH FL**
**LOS ANGELES, CA 90025**

COD: $0.00
Weight: 0 lb(s)
Reference:
EGIAZARYAN
Delivery Instructions:

Signature Type: REQUIRED

Tracking #: 528359523

**CPS**

# LAX
## LOS ANGELES

**B**

**D90025A**

39254637

Print Date: 6/23/2015 2:51 PM

**LABEL INSTRUCTIONS:**

**Do not copy or reprint this label for additional shipments - each package must have a unique barcode.**

Use the "Print Label" button on this page to print the shipping label on a laser or inkjet printer. Securely attach this label to your package, do not cover the barcode.