Bruce H. Jackson, State Bar No. 98118
  bruce.jackson@bakermckenzie.com
Anne M. Kelts, State Bar No. 298710
  anne.kelts@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Nicholas O. Kennedy, State Bar No. 280504
  nicholas.kennedy@bakermckenzie.com
BAKER & McKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Telephone: +1 214 978 3000
Facsimile:  +1 214 978 3099

Attorneys for Petitioner
VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>            Petitioner,<br><br>      v.<br><br>ASHOT YEGIAZARYAN, a.k.a.<br>ASHOT EGIAZARYAN,<br><br>            Respondent. | **Case No.  14-cv-09764-R (PLAx)**<br><br>**FACTUAL STIPULATION IN<br>SUPPORT OF PETITIONER'S<br>MOTION FOR TURNOVER<br>ORDER**<br><br>**Date:     September 18, 2017**<br>**Time:    10:00 a.m.**<br>**Courtroom: 880, 8th Floor**<br><br>**Before the Honorable Manuel L. Real**<br><br>**Roybal Federal Building and**<br>**  U.S. Courthouse**<br>**255 East Temple Street**<br>**Los Angeles, CA 90012** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

## **STIPULATION**

This stipulation of agreed facts is made and entered into by and between Petitioner Vitaly Ivanovich Smagin ("Petitioner or "Mr. Smagin") and Respondent Ashot Yegiazaryan ("Respondent" or Mr. Yegiazaryan") and collectively (the "Parties") in order to facilitate the filing of Petitioner's Motion for Turnover Order in an effort to conserve judicial resources and avoid time and expense by obviating the need for filing a Motion to Seal documents to be referenced in Petitioner's Motion for Turnover Order.

The Parties agree on the following facts:

1.      On May 27, 2015, Mr. Yegiazaryan formed a trust in Lichtenstein (the "Alpha Trust"), through a Trust Written Instrument and a Declaration of Trust (the "Principal Deed"). The Principal Deed that established the Alpha Trust was executed by CTX Treuhand Aktiengesellschaft of Lova-Center, FL-9490 Vaduz, Liechtenstein on the one hand (the "Trustees") and Ashot Yegiazaryan on the other hand.  Among other amendments, the Principal Deed of the Alpha Trust was amended with a Written Instrument dated June 2, 2015 signed by CTX Treuhand AG and Ashot Yegiazaryan (the "June 2, 2015 Amendment").

2.      The language quoted below appears in the June 2, 2015 Amendment:

In exercise of the powers contained in Clause 12 of the Principal Deed, the Trustee herewith changes the following paragraphs of the Principal Deed:
(A) the wording of Paragraph 14.4 is from now on "the prior written consent of the Protector shall be required for the exercise by the Trustees of their powers and rights under Clauses 2.4, 2.5.1, 3, 5, 8, 11, 12, 16.2, 16.3, and the powers contained in the First Schedule".
(B) In paragraph 14 the following clause will be added:
14.05.  "The Protector shall have the power to dismiss and appoint the Trustees by written instructions.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

3.    The language quoted below appears in the Principal Deed of the Alpha Trust:

   **a.**   **2.4**    The Trustees may at any time declare in writing that from the date of such declaration the Proper Law of this Trust shall be that of any specified jurisdiction (not being a jurisdiction under the law of which this Trust would be capable of revocation) and that all rights under this Trust and its construction and effect shall be subject to and construed according to the laws of that jurisdiction and so often as any such declaration shall be made the Trustees shall be free to make such alterations and/or additions in or to the trusts powers and provisions of this Trust as they may consider necessary or desirable so that the trusts powers and provisions hereof shall then (mutatis mutandis) be as valid and effective as they were immediately prior to the making of such declaration.

   **b.**   **2.5.1**    Immediately following the trustee or trustees ceasing to be trustee or trustees hereof the continuing trustee or continuing trustees shall change the forum of administration and the law applicable to this Trust and appoint a new trustee or new trustees and effect such changes, alterations and/or modifications to this Deed as they consider necessary to ensure that this Deed is as valid under the new law as under the law previously applicable.

   **c.**   **3**.    **Power to Terminate**
THE Trustees shall have the power by deed to specify such date (not being a date earlier than the date of execution of such deed) to be the end of the Trust Period.

   **d.**   **5.**    **Trust of income and capital**
**5.1.**    THE Trustees shall hold the capital and income of the Trust Fund upon such trusts in favour or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them in such shares or proportions if more than one and with and subject to such powers and / provisions for their respective maintenance education advancement or other benefit or for the accumulation of income (including administrative

2

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

powers and provisions and discretionary trusts and powers to be executed or exercised by any persons or person whether or not being or including the Trustees or any of them) and so that the exercise of this power of appointment may be delegated to any extent and in such manner generally as the Trustees by any deed or deeds revocable during the Trust Period or irrevocable and executed during the Trust Period shall appoint **PROVIDED** always that no exercise of this power shall invalidate any prior payment or application of all or any part or parts of the capital or income of the Trust Fund made under any other power or powers conferred by this Deed or by law.

**5.2.** Until and subject to and in default of any appointment under Clause 5.1.

**5.2.1.** The Trustees shall pay or apply the income of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them as shall for the time being be in existence and in such shares if more than one and in such manner generally as the Trustees shall in their absolute discretion from time to time think fit..

**5.2.2.** Notwithstanding the provisions of sub-clause 5.2.1. the Trustees may at any time or times during the Trust Period in their absolute discretion instead of applying all or any part or parts of the income accumulate the same in the way of compound interest by investing or otherwise applying it and its resulting income from time to time in any applications or investments authorised by this deed or by law and subject to sub-clause 5.2.3. shall hold such accumulations as an accretion to capital

**5.2.3.** The Trustees may at any time or times during the Trust Period apply the whole or any part or parts of the income accumulated under sub-clause 5.2.2. as if it were income arising in the then current year.

**5.2.4.** Notwithstanding the trusts powers and provisions declared and contained in this clause the Trustees may

3

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

**5.2.4.1.** any time or times during the Trust Period pay or apply the whole or any part or parts of the capital of the Trust Fund to or for the benefit of all or such one or more of the Beneficiaries exclusive of the other or others of them in such shares if more than one and in such manner generally as the Trustees shall in their absolute discretion think fit;

**5.2.4.2.** pay or transfer any income or capital of the Trust Fund to the trustees of any other trust wherever established or existing under which all or any one or more of the Beneficiaries is or are interested (whether or not all or such one or more of the Beneficiaries is or are the only objects or persons interested or capable of benefiting under such other trust) if the Trustees shall in their absolute discretion consider such payment or transfer to be for the benefit of all or such one or more of the Beneficiaries.

**5.3.** In default of and subject to any or every exercise of the said powers conferred on the Trustees by the preceding sub-clauses hereof the Trustees shall stand possessed of the Trust Fund at the expiration of the Trust Period UPON TRUST for such of the Beneficiaries as shall then be living in equal shares absolutely.

**5.4.** Subject as above and if and so far as not wholly disposed of for any reason whatever by the above provisions the capital and income of the Trust Fund shall be held in trust for the Red Cross and Amnesty International and in the event of failure of this present trust for charitable purposes generally.

e.    8.    **Power to add and exclude Beneficiaries**

**8.1.** THE Trustees may at any time during the Trust Period by any written instrument declare that

**8.1.1** any person, group or description of person shall cease to be a Beneficiary or Beneficiaries and thereupon such person, group or description of person shall cease to be a Beneficiary or Beneficiaries as if such Beneficiary or Beneficiaries had originally been expressly excluded as a Beneficiary or

4

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

Beneficiaries but without prejudice to any previous payment of capital or income to such Beneficiary or Beneficiaries;

**8.1.2** any person, group or description of person nominated by the Trustees shall thenceforth be a Beneficiary or Beneficiaries PROVIDED that any addition of any such Beneficiary or Beneficiaries shall not prejudice modify or affect any appointment of capital or income thus already made.

f.    **11.    <u>Power to delegate</u>**

**11.1**. ANY Trustee shall have power (notwithstanding any rule of law to the contrary) by deed or deeds revocable during the Trust Period or irrevocable to delegate to any person the execution or exercise of all or any trusts powers and discretions hereby or by law conferred on the Trustee.

g.    **12**. <u>**Power to alter and revoke**</u>

**12.1.** The Trustees may at any time in their discretion alter any of the provisions of this Deed but so that the exercise of this power shall not act so as to cause this Trust to be revoked.

h.    **16.2** The records shall be opened to the inspection of the Beneficiaries or their legal or duly authorised representatives within a reasonable time. Notwithstanding the aforesaid the Trustees are not obliged to disclose to a Beneficiary as to whom of the other Beneficiaries they have appointed capital or income of the Trust Fund or have made payments out of capital or income of the Trust Fund nor to disclose their reasons for the exercise or non-exercise or way of exercise of their powers rights and discretions under this Trust.

i.    **16.3.** The Trustees may in their discretion nominate a Kontrollstelie in pursuance of Art. 923 of the PGR which Kontrollstelle shall then be the sole person, authorised to be given the information aforesaid.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

4.     The following language is contained in the First Schedule of the Principal Deed:

a.     **THE FIRST SCHEDULE**

**Administrative Powers**

**1.  Power of Investment**

**1.1.**  SUBJECT as provided below any moneys requiring investment may be invested in or upon any investments of whatever nature and wherever situate whether producing income or not and whether involving waste or not (including the purchase of any immovable or movable property or any interest in such property and including purchases made for the purpose of enabling all or any one or more of the. Beneficiaries to have the occupation use or enjoyment in specie of the asset purchased or other purposes which the Trustees consider to be in the interests of any one or more of the Beneficiaries) as the Trustees shall in their absolute discretion think fit so that the Trustees shall have the same full and unrestricted powers of making and changing investments of such moneys as if they were absolutely and beneficially entitled to such moneys and without prejudice to the generality of the above the Trustees shall not be under any obligation to diversify their investments of such moneys.

**1.2.**  The acquisition of any such reversionary interest or any policy of insurance or assurance sinking fund policy or other policy of whatever nature or any annuity or securities or other investments not producing income or of a wasting nature or for any other reason not within the meaning of the word "investment" strictly construed shall be deemed to be an authorised investment of trust moneys if the Trustees shall consider the same to be for the benefit of any one or more of the Beneficiaries.

**1.3.**  Where any such reversionary interest policy security or investment as is described in sub-clause 1.2. is comprised in the Trust Fund or where any other security or investment is sold with the right to receive the dividend or interest accrued or

6

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

accruing no part of any accretion to the value or of any premium or bonus or other sum (whether in respect of arrears of or prospective dividend or interest or income or otherwise) which accrues or is payable when the same falls into possession or is redeemed or matures or on repayment of the capital moneys so secured or when any sale or disposal is made shall be apportionable to or be treated as income.

**1.4.**  The Trustees shall have power to exchange property for other property of a like or different nature and for such consideration and on such conditions , as they in their absolute discretion think fit.

## 2.    <u>Power to lend and to give guarantees</u>

**2.1.**  THE Trustees shall have power to lend money or property to any one or more of the Beneficiaries either free of interest or on such terms as to payment of interest and generally as the Trustees shall in their absolute discretion think fit.

**2.2.**  The Trustees shall have power to guarantee the payment of money and the performance of obligations in respect of any existing or future borrowings by any one or more of the Beneficiaries from third parties or guarantees indemnities or other commitments of like nature given to third parties by any one or more of the Beneficiaries including without prejudice to the generality of the above the power to pledge the whole or ·part of the assets comprising the Trust Fund in support of any such guarantee given as above by the Trustees and to enter into such indemnities as they shall in their absolute discretion think fit in connection with any such guarantee.

## 3.    <u>Power to permit occupation of property and enjoyment of chattels</u>

**3.1.**  THE Trustees shall have power to permit any one or more of the Beneficiaries to occupy or reside in or upon any real or immovable property or to have the enjoyment and use of chattels or other movable property for the time being held upon these trusts on such terms as to payment of rent rates taxes and other expenses and outgoings and as to insurance repair and

7

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

decoration and generally upon such terms as the Trustees shall in their absolute discretion think fit.

## 4.   Power to borrow

**4.1.**   THE Trustees shall have power to borrow and raise money on the security of the Trust Fund for any purpose (including the investment of the moneys so raised as part of the Trust Fund) and to mortgage charge or pledge any part of the Trust Fund as security for any moneys so raised and to guarantee the payment of money and the performance of obligations in respect of borrowings by any company fully or partly owned by the Trustees and in connection with such guarantees to enter into such indemnities as the Trustees shall in their absolute discretion think fit.

## 5.   Powers in relation to real property

WHERE the Trust Fund for the time being includes any real or immovable property (in this clause referred to as    "the land"),

**5.1.**   The Trustees may lease all or any part of the land for any purpose and whether involving waste or not for any term and either wholly or partly in consideration of a rent (whether fixed or variable) or fine or premium or the erection improvement or repair or any agreement to erect improve or repair buildings or other structures on the land and may accept (with or without consideration) surrender of any lease of all or any part of the land.

**5.2**   The Trustees may in executing any trust or power of sale sell all or any part of the land either wholly or partly in consideration of an annual sum payable for any term (whether definite or indefinite) and being either reserved out of the land sold or secured in such other manner as the Trustees shall in their absolute discretion think fit. ·

**5.3**   The Trustees may in executing any trust or power of sale or leasing:

**5.3.1.**   sell or lease all or any part of the land whether the division is horizontal or vertical or made in any other way;

8

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

**5.3.2**  sell or lease. or reserve any easement or right or privilege over all or any part of the land;

**5.3.3.**  sell or lease or except or reserve any timber or mines or minerals on or in or under all or any part of the land together with any easements rights or privileges of cutting or working and carrying away the same or otherwise incidental to or connected with forestry or mining purposes;

**5.3.4.**  impose and make binding for the benefit of all or any part of the land sold or leased any restrictions or stipulations as to user or otherwise affecting any part of the land retained;

**5.3.5.**  accept in exchange for all or any part of the land to be sold or leased (either with or without any money paid or received for equality of exchange) any other real or immovable property or any lease;

**5.3.6.**  enter into any contract or grant any option for the sale or leasing of all or any part of the land or otherwise for the exercise by the Trustees of any of their above powers.

**5.4.**  The Trustees shall not be bound to see to nor be liable or accountable for omitting or neglecting to see to the repair or insurance of any buildings or other structures on the land or to the payment of any outgoings or otherwise as to the maintenance of the land or any buildings or other structures on the land maintain repair or insure the same in such manner and to such extent as they shall in their absolute discretion think fit.

**5.5.**  The Trustees may from time to time expend moneys altering or improving the land or any buildings or other structures on the land (including erecting demolishing or rebuilding the same) to such extent and in such a manner as they shall in their absolute discretion think fit and any certificate in writing of any architect or surveyor employed by the Trustees to the effect that any work specified in such certificate is or includes an alteration or an improvement to the land or any such building or other structure shall be conclusive as between the Trustees and the Beneficiaries that any money

9

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

expended on such work was properly expended in exercise of this power.

### 6. Powers in relation to chattels

WHERE the Trust Fund for the time being includes any chattels (in this clause referred to as "the chattels")

**6.1.** The Trustees may sell lease hire deposit store or otherwise deal with the chattels upon such terms as they shall in their absolute discretion think fit.

**6.2.** The Trustees shall not be bound to see nor be able or accountable for omitting or neglecting to see to the repair or insurance of the chattels but may repair and insure the chattels in such a manner and to such an extent as they shall in their absolute discretion think fit.

### 7. Power to trade

**7.1.** THE Trustees shall have power to trade or take part in any venture in the nature of trade whether solely or jointly with any other person and whether or not by way of partnership (limited or general) and for these purposes make such arrangements as they shall in their absolute discretion think fit and may delegate any exercise of this power to any one or more of their number or to a company or partnership formed for this purpose.

**7.2.** Any power vested in the Trustees under this Trust shall (where applicable) extend to any arrangements in connection with any such trade or venture and in particular but without prejudice to the generality of the above the Trustees' powers of borrowing issuing guarantees and charging shall extend to any borrowing arrangements made in connection with any such trade or venture.

### 8. Power to give indemnities

**8.1**. THE Trustees shall have power to enter into any indemnity in favour of any former trustee or any other person in respect of any fiscal imposition or other liability of any nature prospectively payable in respect of the Trust Fund or otherwise

10

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

in connection with this Trust and to charge or deposit ~ the whole or any part of the Trust Fund as security for any such indemnity in such manner in all respects as they shall in their absolute discretion think fit.

**8.2.** The Trustees shall have power to give or enter into any indemnity warranty guarantee undertaking or covenant or enter into any type of agreement that they shall in their absolute discretion think fit relating to the transfer or sale of a business, private or public company shareholding held or owned for the time being by the Trustees whether relating to the business or company itself its assets liabilities shares or employees or any other aspect of the business or company in favour of any transferee purchaser or other relevant party and including any limitation or restriction on value or otherwise as the Trustees shall in their absolute discretion think fit.

## 9.    Exclusion of apportionment

**9.1.** ANY statutory and equitable rules of apportionment shall apply to this Trust and the Trustees shall be permitted· to treat all dividends and other payments in the nature of income received by them as income at the date of receipt irrespective of the period for which the dividend or other income is payable.

## 10. Power to deal with insurance policies
THE Trustees shall in addition and without prejudice to all statutory and other powers conferred upon them have the following powers in relation to any insurance policy ("the policy") from time to time comprised in the Trust Fund,

**10.1.** To borrow on the security of the policy for any purpose;

**10.2.** To convert the policy into a fully paid-up policy for a reduced sum assured free from payment of future premiums;

**10.3.** To surrender the policy wholly or any part or any bonus attaching to the policy for its cash surrender value;

**10.4.** To sell the policy or any substituted policy on such terms as the Trustees shall in their absolute discretion think fit;

11

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

**10.5.** To exercise any of the powers conferred by the policy or with the consent of the insurer to alter the amount or occasion of the payment of the sum assured or to increase or decrease the amount of the periodic premiums (if any) payable under the policy or to alter the period during which the premiums are payable and to do any of these things notwithstanding that the sum assured may be reduced subject always to production of evidence " of insurability satisfactory to the insurer.

**11. <u>Release of powers</u>**

**11.1.** THE Trustees may by deed or deeds and so as to bind their successors as Trustees release or restrict the future exercise of all or any of the powers by this Trust or by law conferred on them either wholly or to the extent specified in any such deed or deeds notwithstanding the fiduciary nature of any such powers.

**12. <u>Power of appropriation</u>**

**12.1.** THE Trustees shall have power in their absolute discretion to appropriate any part of the Trust Fund in its then actual condition or state of investment in or towards satisfaction of any interest or share in the Trust Fund as may in all the circumstances appear to them to be just and reasonable and for the above purpose from time to time to place such value on any or all investments or other property as they shall in their absolute discretion think fit.

**13. <u>Power to vote and to employ nominees and custodians</u>**

**13.1.** To vote upon or in respect of any shares securities bonds notes or other evidence of interest in or obligation of any corporation trust association or concern whether or not affecting the security or the apparent security of the Trust Fund of the purchase or sale or lease of the assets of any such corporation trust association or concern;

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**13.2.**  To deposit any such shares securities or property in any voting trusts or with any depository designated under such a voting trust;

**13.3.**  To give proxies or powers of attorney with or without power of substitution for voting or acting on behalf of the Trustees as the owner of any such property;

**13.4.**  To hold any or all securities or other property in bearer form or in the names of the Trustees or any one or more of them or in the name of some other person or partnership or in the name or names of nominees without disclosing the fiduciary relationship created by this Trust and to deposit the said securities and any title deed or other documents belonging or relating to the Trust Fund in any part of the world with any bank firm trust company or other company that undertakes the safe custody of securities as part of its business without being responsible for the default of such bank firm trust company or other company or for any consequent loss.

**14.**    <u>**Power to delegate management of investments**</u>

**14.1.**  THE Trustees shall have power to engage the services of such investment adviser or advisers as the Trustees may from time to time think fit ("the investment adviser") to advise the Trustees in respect of the investment and reinvestment of the Trust Fund with power for the Trustees without being liable for any consequent loss to delegate to the investment adviser discretion to manage all or any part of the Trust Fund within the limits and for the period stipulated by the Trustees and the Trustees shall settle the terms and conditions for the remuneration of the investment adviser and the reimbursement of the investment adviser's expenses as the Trustees shall in their absolute discretion think fit and such remuneration and expenses shall be paid by the Trustees from the Trust Fund.

**14.2.**  The Trustees shall not be bound to enquire into nor be in any manner responsible for any changes in the legal status of the investment adviser.

13

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

**14.3.** The Trustees shall incur no liability for any action taken pursuant to or for otherwise following the advice of the investment adviser however communicated.

**15.** Power to receive remuneration

**15.1.** NO Trustees shall be liable to account for any remuneration or other profit received by such Trustee in consequence of such Trustees acting as or being appointed to be a director or other officer or servant of any company notwithstanding that such appointment was procured by an exercise by such Trustee of by the Trustees of voting rights attached to securities comprised in the Trust Fund.

**16.** **Power to promote companies**

THE Trustees may (without prejudice to the generality of their powers of investment) promote or join with any other person or persons in promoting or incorporating any company in any part of the world or subscribe for or acquire any of the shares or stock or debentures or debenture stock or loan capital of any company with a view to or in consideration of

**16.1.** the establishment and carrying on by such company of a business of any kind which the Trustees are for the time being authorised to carry on themselves and the acquisition of any of the assets comprised in the Trust
Fund which may be required for the purpose of such business;

**16.2.** the acquisition of the assets and undertaking of any business being carried on by the Trustees under the above power;

**16.3.** the acquisition of all or any of the assets comprised in the Trust Fund to be held as investments of the company acquiring the same;

**17.** Trustees not bound to interfere in business of company in which the Trust is interested

14

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

**17.1.** THE Trustees shall not be bound or required to interfere in the management or conduct of the business of any company wherever resident or incorporated in which the Trust shall be interested although holding the whole or a majority of the shares carrying the control of the company but so long as the Trustees shall have no notice of any act of dishonesty or misappropriation of moneys on the part of the directors having the management of such company the Trustees shall be at liberty to leave the conduct of its business (including the payment or non-payment of dividends) wholly to the directors and the Beneficiaries shall not be entitled to require the distribution of any dividend by any such company or require the Trustees to exercise any powers they may have of compelling any such distribution.

**18.** Power to insure property

**18.1.** THE Trustees shall have power to insure against any loss or damage from any peril the property for the time being comprised in the Trust Fund for any amount and to pay the premiums out of the Trust Fund.

**19. <u>Power to appoint agents</u>**

**19.1.** THE Trustees shall have power instead of acting personally to employ and pay at the expense of the Trust Fund any agents in any part of the world whether attorneys solicitors accountants brokers bank trust companies or other agents without being responsible for the default of any agent if employed in good faith to transact any business or act as nominee or act in the execution of these trusts including without prejudice to the generality of the above the receipt and payment of moneys and the execution of documents.

**20. <u>Power to permit self-dealing</u>**

**20.1.** THE Trustees shall have power to enter into any transaction concerning the Trust Fund notwithstanding that one or more of the Trustees may be interested in the transaction other than as one of the Trustees.

15

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

Case No. 14-cv-09764-R (PLAx)
FACTUAL STIPULATION ISO PETITIONER'S MOTION FOR TURNOVER ORDER

5.    The following language appears in the Principal Deed of the Alpha Trust:

**10.4**. If a Trustee shall desire to resign and to be discharged from all or any of the trusts hereof or shall refuse or become unfit to act therein or become incapable of acting therein or shall die or being a corporation be dissolved then:

**10.4.1**. the Protector or if he shall be dead (or being a corporation be dissolved) or unable or unwilling to act;

**10.4.2**. the Beneficiaries (excluding the charitable institution) being sui juris and deciding by majority or if he, she or they shall be unable or unwilling to act;

**10.4.3**. the Trustees for the time being or if there being no Trustees;

**10.4.4**. the Liechtensteinische Landgericht Vaduz shall by an instrument in writing appoint one or more person whether resident in the forum of administration of this Trust or elsewhere to be a trustee or trustees in the place of the Trustee so deceased dissolved desiring to be discharged refusing or being unfit or being incapable as aforesaid

**10.5**. The person entitled to appoint new trustees under sub-clause 10.4.1. and 10.4.2. may in the same order of succession as above appoint one or more person to be additional Trustees up to the maximum number allowed.

**10.6**. A Trustee may be resident anywhere in the world.

**10.7**. The person entitled to appoint additional trustees may remove one or more Trustees at any time and without giving any reason by notice in writing served upon the Trustees.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

6.      The following language also appears in the Principal Deed of the Alpha Trust:

## 14.    **The Protector**

**14.1.**  THE Protector may be resident or being a corporation have its place of business anywhere in the world.

**14.2.**  The first Protector shall be Ashot Egiazaryan.

**14.3.**   The Protector may delegate or transfer at any time by instrument in writing all or part of his powers, rights and/or duties for a specified period of time or permanently to any person or persons upon such terms and conditions as he think fit provided always that no such transfer shall take effect until written notice thereof has been given to the Trustees.

**14.3.1.**  In the event of failure of the aforesaid transfer and there being no Protector or in the event of a Protector having died (or being a corporation be dissolved) or being unfit or unwilling to act without having validly transferred his powers, rights and/or duties then

**14.3.1.1.**  the Beneficiaries (excluding the charitable institution) being sui juris and deciding by majority or if he, she or they shall be unable or unwilling to act

**14.3.1.2.**  the Liechtensteinische Landgericht Vaduz shall, within 90 days appoint a Protector.

**14.4.**  The prior written consent of the Protector shall be required for the exercise by the Trustees of their powers and rights under Clauses 2.4., 2.5.1., 3., 5., 8., 11., 12., 16.2., 16.3., and clause 11 of the First Schedule.

NOW THEREFORE, in consideration of the foregoing, the Parties, by and through their respective counsel, hereby STIPULATE and AGREE as follows:

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

1    • The Parties agree and consent to the above-listed stipulated facts and

2       admit them as true for all purposes, including but not limited to the

3       reliance by the Parties' and the Court in briefing, argument, and

4       decisions related to Mr. Smagin's forthcoming Motion for Turnover

5       Order.

6    • The Parties further agree that, due to the confidential nature of the

7       underlying documents to the above-listed facts and the parties admission

8       as to the authenticity, the underlying documents supporting and

9       establishing these facts, which have been exchanged in discovery, need

10      not be attached to and filed in support of or in opposition to the Motion

11      for Turnover Order or otherwise made a part of the record in this case.

12      This compromise is intended to obviate the need for the filing of a

13      motion to file under seal with the Court while still allowing the

14      consideration of these facts by all parties and the Court (plus any

15      subsequent appellate courts) for any and all purposes.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

18

1    • The Parties further agree that by entering into this Stipulation they in no
2       admit any liability with respect to any claims made by either party or
3       make any comment on the merits of any pending or expected motion or
4       request for relief and expressly reserve and preserve all rights in that
5       regard.

6    IT IS SO AGREED UPON AND STIPULATED.

7

8    Dated:   August 21, 2017                **BAKER & McKENZIE LLP**
                                            Bruce H. Jackson
9                                            Anne M. Kelts
                                            Nicholas O. Kennedy
10

11

12                                           By: /s/ Bruce H. Jackson
                                                  Bruce H. Jackson
13                                           Attorneys for Petitioner
                                            VITALY IVANOVICH SMAGIN
14                                           **TANTALO & ADLER LLP**
     Dated:   August 21, 2017                Michael S. Adler
15

16

17                                           By: /s/ Michael S. Adler
                                                  Michael S. Adler
18                                           Attorneys for Respondent
                                            ASHOT YEGIAZARYAN
19

20                       <u>**ATTESTATION OF CONCURRENCE**</u>

21        I, Bruce H. Jackson, attest that I am one of the attorneys for Petitioner Vitaly

22   Ivanovich Smagin.  As the ECF user and filer of this document, I attest that

23   concurrence in the filing of this document has been obtained from its signatories.

24

25

26   Dated: August 21, 2017                  /s/ Bruce H. Jackson
                                            Bruce H. Jackson
27

28

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

19