EXHIBIT 32

1   RONALD W. ANTEAU, ESQ. CFLS (SBN 37777)
    FEINBERG MINDEL BRANDT & KLEIN, LLP
2   12424 Wilshire Boulevard, Ninth Floor
    Los Angeles, California 90025
3   Telephone No. (310) 447-8675
    Facsimile No. (310) 447-8678
4
    Attorneys for Petitioner,
5   NATALIA TSAGOLOVA

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10  NATALIA TSAGOLOVA,                )  CASE NO.  BD 595 136
                                      )  *[Assigned to Hon. Michael Whitaker, Dept. 2C]*
11                                    )
                      Petitioner,     )
12                                    )  **NOTICE OF LODGING UNREDACTED**
    vs.                               )  **COPIES OF EXHIBITS 2-7 RE**
13                                    )  **PETITIONER'S *EX PARTE* REQUEST**
                                      )  **FOR ORDERS**
14  ASHOT EGIAZARYAN,                 )
                                      )
15                    Respondent.     )  Date:  August 18, 2015
                                      )  Time:  8:30 a.m.
16                                    )  Dept:  2C
                                      )
17  _____ )

18

19

20       TO RESPONDENT, ASHOT EGIAZARYAN AND HIS COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that Petitioner, NATALIA TSAGOLOVA, hereby lodges with the

22  Clerk of the Court, unredacted copies of Exhibits 2 through 7 to Petitioner's *Ex Parte* Request for

23  Orders.

24  DATED:  8/17/15                    FEINBERG, MINDEL, BRANDT & KLEIN, LLP

25

26
                              By:  _____
27                                 RONALD W. ANTEAU
                                   Attorneys for Petitioner,
28                                 NATALIA TSAGOLOVA

                                                       Page 1

RONALD W. ANTEAU, ESQ. CFLS (SBN 37777)
MATTHEW K. SKARIN, ESQ. (SBN 271183)
FEINBERG MINDEL BRANDT & KLEIN, LLP
12424 Wilshire Boulevard, Ninth Floor
Los Angeles, California 90025
Telephone No. (310) 447-8675
Facsimile No. (310) 447-8678

Attorneys for Petitioner,
NATALIA TSAGOLOVA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| NATALIA TSAGOLOVA,<br><br>Petitioner,<br><br>vs.<br><br>ASHOT EGIAZARYAN,<br><br>Respondent. | CASE NO. BD 595 136<br>*[Assigned to Hon. Michael Whitaker, Dept. 2C]*<br><br>**STIPULATION RE ADVANCE DISTRIBUTION OF FUNDS, CONTINUANCE OF PENDING HEARINGS AND RELATED MATTERS; AND ORDERS THEREON** |

WHEREAS, the parties have been involved in settlement conferences and intend to continue to do so seeking to resolve as many issues as possible; and

WHEREAS, certain litigation has been resolved which has resulted in certain funds being received and the parties seek to establish certain parameters for the holding of said funds, investing of said funds and distribution of said funds; and

WHEREAS, the parties are desirous of continuing the proceedings presently set for July 7, 2015; and

WHEREAS, the Kerimov Litigation ("Kerimov") has been resolved and funds distributed and received and an account established by Respondent; and

NOW, THEREFORE, it is hereby stipulated by and between Petitioner, NATALIA

**STIPULATION RE ADVANCE DISTRIBUTION OF FUNDS, CONTINUANCE OF PENDING HEARINGS AND RELATED MATTERS; AND ORDERS THEREON**

-1-

1  TSAGOLOVA ("Petitioner") and Respondent, ASHOT EGIAZARYAN ("Respondent" and

2  collectively the "parties" and each party singularly "party") and through their respective counsel of

3  record, as follows:

4      1.     That the parties' community estate has an interest in the Kerimov settlement funds and

5  other various awards in the LCIA and other jurisdictions. The parties stipulate that their community

6  interest in the Kerimov settlement funds shall be used to satisfy community creditors and claimants

7  mutually agreed upon in writing by the parties or ordered satisfied by the Court.  The parties shall

8  meet and confer regarding the resolution of community creditors and claimants.  Respondent has

9  provided Petitioner with a list of community creditors and claimants whom he deems legitimate and

10  subject to settlement and payment from the community's interest in the Kerimov settlement funds.

11  Respondent contends that he has received demands from certain community creditors and claimants

12  for immediate payment.  Petitioner shall respond in writing within three (3) days of the completed

13  execution of this stipulations with her approval, disapproval, and \or that she has questions and needs

14  additional information and evidence to approve or disapprove, to Respondent's list of community

15  creditors and claimants.  As to those community creditors and claimants in dispute, the Court retains

16  jurisdiction to resolve the issues.

17      2.     Respondent shall provide forthwith an unredacted copy of the Confidential Settlement

18  Deed related to the Kerimov settlement funds and an accounting of all distributions made in regard

19  thereto and a current bank account statement reflecting the name of the account, the account number

20  and the present balance in the account.

21      3.     As to the Confidential Settlement Deed, the parties shall comply with the terms of the

22  settlement document as set forth in the Stipulation and Order re Protective Order and Order Thereon

23  Regarding Confidential Settlement Deed Dated May 21, 2015, and the terms of the Confidential Deed

24  dated May 21, 2015.

25      4.     The Petitioner and Respondent stipulate that no further disbursements beyond those

26  already made and disclosed, or otherwise set forth or contemplated herein, shall be made from the

27  Kerimov settlement funds without written joint agreement of the parties or further order of Court.

28      5.     The parties shall execute joint written instructions to the trust attorney overseeing the

1  trust holding the Kerimov settlement funds reflecting the terms and conditions of the requirement of

2  joint instructions for disbursement of funds and the providing of documentation, statements, etc. on

3  an ongoing basis. Said instruction shall be executed by the parties upon execution of this Stipulation

4  and Order.

5        6.     The parties hereby stipulate that $3,000,000 shall be disbursed to each party from the

6  community's interest in the Kerimov settlement funds as a distribution of community property and

7  same shall be distributed on or before July 21, 2015. The parties shall take all steps necessary to

8  cause said distribution to be timely made.

9        7.     Pending further agreement of the parties in writing or order of Court, the funds shall

10  be conservatively invested in mutually agreed upon investments by the parties such as blue chip stock

11  or other AAA investments and that the income on said investments shall be divided equally between

12  the parties. The parties and/or their designee shall meet and confer and agree on the investments to

13  be made and the parties will meet and confer as to when and what manner the income will be

14  disbursed to them. The Court maintains jurisdiction over the above process and any disputes arising

15  therein.

16        8.     The parties shall attend and participate in as many settlement conferences to reach a

17  global settlement of all outstanding issues as possible with the Court reserving jurisdiction over any

18  unresolved issues. Counsel to meet and confer on setting a schedule of three prospective settlement

19  conference dates as soon as possible, with the three sessions occurring within the next forty-five (45)

20  days.

21        9.     Petitioner and Respondent shall prepare and exchange their respective Preliminary

22  Declarations of Disclosure within thirty days after execution of this stipulation by all parties and

23  counsel and both parties acknowledge that their respective Preliminary Declarations of Disclosure

24  may be marked "Subject to Amendment."

25        10.    Petitioner presently has four Request for Orders ("RFO's") presently pending on

26  calendar for July 7, 2015 with the following status:

27            a.     RFO re Motion to Compel Deposition of Olga Baklan (to be heard);

28            b.     RFO re Motion for Joinder of Third Parties (to be heard);

C:\Users\RAnteau\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\EI3FVPGN\Stipulation Dist Jamra Version.wpd

**STIPULATION RE ADVANCE DISTRIBUTION OF FUNDS, CONTINUANCE OF PENDING HEARINGS AND RELATED MATTERS; AND ORDERS THEREON**

-3-

Page 4

c.      RFO re Motion to Freeze Accounts of Clear Voice, Inc. (Court to determine whether to hear or set as long cause); and

d.      RFO for Child Support and Spousal Support (Court to determine whether to hear or set as long cause).

11.     The parties shall request that the matters set forth in sections 10a. and b. be set as described for the Court's first available date, not less than 90 days and sections 10.c and d. not less than 120 days from July 7, 2015, and in coordination with counsels' calendars. During this 120 day period, all discovery in this matter shall be stayed.

12.     All notices and subpoenas presently set for July 7, 2015 to be returnable on the continued date.

13.     The Court shall retain jurisdiction as to resolution of all disputed issues herein, including upon *ex parte* application, order shortening time for hearing, or normal setting.

14.     Each of the parties hereto is ordered to execute promptly all documents now or hereafter reasonably necessary with respect to the joint written instructions to the trust attorney overseeing the trust holding the Kerimov settlement funds as referenced in paragraph 5 above, and at any time and from time to time shall execute all other documents which may be necessary or proper to effect the purpose and intent of this Stipulation and Order. In the event that either party shall refuse to execute any such document arising from a mutual agreement of the parties as contemplated herein or Court order, the Court, upon ex parte application therefor, after five (5) days' notice, may order the party to sign the document and/or appoint the Clerk of the Superior Court or the Clerk's designee to sign the documents on behalf of the party who failed to do so voluntarily.

15.     This Stipulation may be executed in counterparts and each party's signature submitted via facsimile or e-mail shall be deemed an original signature for the purposes of approving this Stipulation and Order.

///

//

Page 5

STIPULATION RE ADVANCE DISTRIBUTION OF FUNDS, CONTINUANCE OF PENDING
HEARINGS AND RELATED MATTERS; AND ORDERS THEREON
-4-

16.     This Stipulation is not to be filed with the Court except for resolution of disputes as set forth above and\or enforcement purposes only.

**APPROVED AS TO FORM AND CONTENT**

DATED: 7/6/15

_____
NATALIA TSAGOLOVA, Petitioner

DATED: 7/6/15

_____
ASHOT EGIAZARYAN, Respondent

**APPROVED AS TO FORM ONLY**

DATED:                                    FEINBERG, MINDEL, BRANDT & KLEIN, LLP

By: _____
RONALD W. ANTEAU
Attorneys for Petitioner,
NATALIA TSAGOLOVA

DATED: 7/6/2015                      JAMRA & JAMRA, LLP

By: _____
GRACE A. JAMRA
Attorneys for Respondent,
ASHOT EGIAZARYAN

**ORDER**

Based upon the foregoing Stipulation of the parties, the above is approved and made an Order of the Court effective forthwith.

DATED:

_____
JUDGE OF THE SUPERIOR COURT

Page 6

STIPULATION RE ADVANCE DISTRIBUTION OF FUNDS, CONTINUANCE OF PENDING
HEARINGS AND RELATED MATTERS, AND ORDERS THEREON

16.    This Stipulation is not to be filed with the Court except for resolution of disputes as
set forth above and\or enforcement purposes only.

## APPROVED AS TO FORM AND CONTENT

DATED:

_____
NATALIA TSAGOLOVA, Petitioner

DATED:

_____
ASHOT EGIAZARYAN, Respondent

## APPROVED AS TO FORM ONLY

DATED: 7/6/15

FEINBERG, MINDEL, BRANDT & KLEIN, LLP

By: _____
RONALD W. ANTEAU
Attorneys for Petitioner,
NATALIA TSAGOLOVA

DATED:

JAMRA & JAMRA, LLP

By: _____
GRACE A. JAMRA
Attorneys for Respondent,
ASHOT EGIAZARYAN

## ORDER

Based upon the foregoing Stipulation of the parties, the above is approved and made an Order
of the Court effective forthwith.

DATED:

_____
JUDGE OF THE SUPERIOR COURT

**Page 7**

**Ronald Anteau**

| | |
|---|---|
| **From:** | Basel Jamra <basel@jamralaw.com> |
| **Sent:** | Friday, July 17, 2015 4:47 PM |
| **To:** | Ronald Anteau; Asa Gitter |
| **Cc:** | Addison Kahn; JamraLaw Attorneys; Jimmy Almanza; Stella Kunst |
| **Subject:** | Marriage of Tsagalova and Egiazaryan |

Ron,

Pursuant to your request, below please find the name of the trustee with respect to the settlement funds:

CTX Treuhand AG
Lova-Center, P.O. Box 1150, FL-9490 Vaduz

I will be sending the bank statement which we just received under separate cover, and I will be sending you an email regarding the joint instructions.

Please advise our office should you have any questions or concerns.

**Basel G. Jamra** / Partner
Basel@jamralaw.com

**Jamra & Jamra, L.L.P.**
Office: (310) 278-9001 / Fax: (310) 278-9002
9320 Wilshire Boulevard, Suite 204, Beverly Hills, California 90212
http://www.jamralaw.com



THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL MATERIAL AND IS INTENDED FOR THE EYES OF THE DESIGNATED RECIPIENT ONLY. IF YOU ARE NOT THE DESIGNATED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY UNAUTHORIZED REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION, AND THAT WHICH IS TRANSMITTED HEREWITH, IS STRICTLY PROHIBITED. IF THIS COMMUNICATION IS RECEIVED BY YOU IN ERROR, PLEASE TELEPHONE (310) 278 - 9001, COLLECT, IMMEDIATELY.

INTERNET COMMUNICATIONS CANNOT BE GUARANTEED TO BE SECURE OR ERROR-FREE AS INFORMATION COULD BE INTERCEPTED, CORRUPTED, LOST, DESTROYED, ARRIVE LATE OR INCOMPLETE, OR CONTAIN VIRUSES. THEREFORE, WE DO NOT ACCEPT RESPONSIBILITY FOR ANY ERRORS OR OMISSIONS THAT ARE PRESENT IN THIS MESSAGE, OR ANY ATTACHMENT, THAT HAVE ARISEN AS A RESULT OF E-MAIL TRANSMISSION. IF VERIFICATION IS REQUIRED, PLEASE REQUEST A HARD-COPY VERSION.

Please consider your environmental responsibility before printing this e-mail.

Page 8

Confidential Document Produced to Krembel, Brandt & Klein.



Confidential Document
Produced to Frandzel
Mindel, Brandt & Klein

# JAMRA & JAMRA, L.L.P.

ATTORNEYS

9320 WILSHIRE BOULEVARD
SUITE 204
BEVERLY HILLS, CALIFORNIA 90212

TELEPHONE (310) 278-9001
FACSIMILE (310) 278-9002

BASEL@JAMRALAW.COM

July 22, 2015

**VIA FACSIMILE & ELECTRONIC MAIL**

Ronald Anteau, Esq.
Feinberg, Mindel, Brandt & Klein, L.L.P.
12424 Wilshire Boulevard, Ninth Floor
Los Angeles, California  90210

Re:    **Marriage of Tsagolova and Egiazaryan**

Dear Ron:

Pursuant to our conference call this afternoon, enclosed under cover of this letter, please find an email that Ashot sent to the trust attorney and the letter attached to that email requesting that the trust attorney do everything and anything possible to wire transfer $3 Million Dollars to Natalia.  As you can see, Ashot provided the trust attorney with her routing number and account number.

Please direct any inquiries or concerns regarding the foregoing to our office at your convenience.  Thank you.

Very truly yours,
JAMRA & JAMRA, L.L.P.

BASEL G. JAMRA
Of the Firm

BGJ/slf
Enclosures
cc:  Mr. Ashot Egiazaryan (via email)

S:\FAMILY\EGIAZARYAN\Letters\OC.034.wpd

Page 11



Dear Nikolaus

I received your letter today. I understand the issues mentioned in the letter and I am doing my best to handle the mentioned issues as soon as possible. At the same time, I am requesting you to do everything and anything possible to transfer the sum of USD $3,000,000 to my wife, Natalia Tregafova by way of wire transfer to routing number BOFAUS6S and account number

3 2 5 0 4 0 9 9 8 5 5 6



Ashod



CTX
Treuhand

Mr.
Ashot Eglazaryan
910 N.Crescent Dr. Beverly Hills
90210 CA USA

Vaduz, 21 July 2016 / TW./ sb

Dear Mr. Eglazaryan

**Re. Alpha Trust**

We herewith confirm that we will not make any distribution to any beneficiary of Alpha Trust until you are divorced from your present wife by a decree absolute.

Further on we refer to our earlier letter where we requested you to supply us with additional identification documents. In this context we also require a description of your personal wealth, i.e. a statement of assets and liabilities.

Yours sincerely

CTX TREUHAND AG



Dr. Iur. Thomas Wilhelm

Sitz der Gesellschaft: 9490 Vaduz
OR-Nr. H -0002'042'485-6
MwSt -Nr. 64902

**CTX Treuhand Aktiengesellschaft** Lova-Center, P.O. Box 1150, 9490 Vaduz, Liechtenstein

## INSTRUCTIONS TO TRUSTEE

To CTX Treuhand AG, as Trustee as to the Trust Account with funds on deposit at CMB Monaco - Campagnie Monegasque de Banque held for the benefit of Ashot Egiazaryan, account number 631562-00001, you are hereby instructed as to said account:

      1.    The sum of USD $3,000,000.00 will be disbursed to Natalia Tsagolova. Said funds to be transferred to Natalia Tsagolova forthwith pursuant to the instructions set forth herein by way of wire transfer to routing number BOFAUS6S and account number 325040998556.

      2.    No further disbursements are to be made except on the joint written instruction of Ashot Egiazaryan and Natalia Tsagolova.

      3.    You will provide each of the parties with copies of all documents relating to the formation of the account, the Trust under which it was formulated, periodic statements regarding the account and any other documentation and/or correspondence regarding the account.

      Said documentation and communications shall be provided to Natalia Tsagolova by sending same to her counsel, Ronald W. Anteau, Esq., Feinberg, Mindel, Brandt & Klein, LLP, 12424 Wilshire Boulevard, Ninth Floor, Los Angeles, California 90025; ranteau@fmbklaw.com.

      This instruction shall be modified only upon joint written instructions of Ashot Egiazaryan and Natalia Tsagolova.

THE UNDERSIGNED ACKNOWLEDGE AND AGREE TO THE MATTERS SET FORTH ABOVE.

DATED: _____

_____
ASHOT EGIAZARYAN

DATED: 07.28.2015

_____
NATALIA TSAGOLOVA

Page 15



Irwin B. Feinberg
*Steven A. Mindel
*†Robert C. Brandt
*Jeremy B. Kline
*Wallace S. Fingerett
*Megan E. Green

*"Ronald W. Anteau, *of Counsel*
Howard S. Klein (Ret.)

*Nancy L. Burt
*John B. Chason
Neil H. Elan
Gregory A. Girvan
Amy Stallard Kapner
Donna L. Shapiro
Matthew K. Skann
Taylor B. Wallin

* Certified Specialist Family Law,
State Bar of CA, Board of Legal Specialization
*Fellow of the American Academy of Matrimonial Lawyers
*Fellow of the International Academy of Matrimonial Lawyers
*Diplomate American College of Family Trial Lawyers

**FEINBERG MINDEL BRANDT & KLEIN LLP**
12424 WILSHIRE BOULEVARD
NINTH FLOOR
LOS ANGELES, CALIFORNIA 90025
310-447-8675
310-447-8678 FAX
FMBKLAW.COM

August 13, 2015

**Via E-Mail Transmittal
and United States Mail**

Grace Jamra, Esq.
JAMRA & JAMRA, LLP
9320 Wilshire Boulevard, Suite 204
Beverly Hills, California 90212

      Re:    *In re Marriage of Tsagolova and Egiazaryan*
              LASC Case Number: BD 595 136
              Our File Number:     9572.002

Dear Grace:

      Having spoken with you relative to the problems I have been encountering relative to the information that we were to be provided in regard to the trust and various stipulations and agreements, you asked that I forward to you a description of what has been going on so that we can see whether or not we can find a means to resolve this without the necessity of incurring the time and expense of going to court.

      In order to have this make some logical sense, I will do it by chronology so that you can understand the flow that occurred:

    ·  1. July 21: Ashot emailed Nikolaus Wilhelm with an instruction for $3,000,000 to be wire transferred to Natalia. On the same date, July 21, keeping in mind that Liechtenstein is nine hours later and that Ashot's email was at 6:49 p.m., your client received from Thomas Wilhelm an advisement stating "we will not make any distribution to any beneficiary of Alpha Trust until you are divorced from your present wife by a decree absolute." (A copy of the communication is enclosed for your information).

H:\FILES\TSAGOLOVA, NATALIA\DISSO\002\CORRES\Jamra 08 13.15.wpd

Page 16

Grace Jamra, Esq.
JAMRA & JAMRA, LLP
August 13, 2015
Page 2

You indicated to me that you were advised that Thomas Wilhelm had spoken to some matrimonial lawyer in the United States who provided him with that information. It seems with a time difference that he must have done that before the 21st, and the only reason he would have done that is if he and your client had communicated.

2. July 29: I placed a call to Nikolaus Wilhelm and was advised that he was out of the office. I left my name and phone number requesting a return call.

3. July 30: I called to speak to Nikolaus and was advised that he was out of the office until Monday.

4. July 31, 2015: In order to try to speed things up, on July 31 I sent a letter describing the situation attaching the email relative to the $3,000,000 and the joint instruction to the trustee (which Ashot had already forwarded to them). (A copy of my communication is enclosed).

5. August 3, 2015: I called the office to speak with Nikolaus and was advised that he was not going to be in the office and not back until Wednesday.

6. August 5: I called and had the good fortune of being able to talk to Nikolaus who advised me that the materials had been turned over to the legal department for their review and opinion and that the senior principal who would be handling this matter was out of the office and not due back until the following week.

7. August 6: I emailed Nikolaus relative to asking for some general information so that we could be prepared in the mediation to deal with the account.

8. August 7: I received Nikolaus' response by email advising that they cannot provide information to beneficiaries "without the prior written approval of the protector."

9. August 7: I emailed Nikolaus requesting as to how we would secure written approval of the protector.

10. August 10: Not having heard anything, I emailed Nikolaus asking whether he had received any response to the prior emails or as to the legal department's response to our request for information (a copy of the email chain is enclosed).

11. Also on August 10: I called both Nikolaus and Thomas Wilhelm to see if I could make contact and was told that they were in the office and I left my number for their return call. Additionally, I sent a letter by email to Thomas Wilhelm laying out the circumstances and situation and asking him to please provide information. (A copy of my August 10, 2015 letter is

Grace Jamra, Esq.
JAMRA & JAMRA, LLP
August 13, 2015
Page 3

enclosed).

    12. August 11: Having heard nothing, I again telephoned both Nikolaus and Thomas. I was advised that Nikolaus was out of the office and that Thomas was on the phone and again left my name and number requesting a call back.

    As I related to you in our most recent telephone conversation, this has been an exercise in futility from supposedly an entity which serves at the will of your client and to not have this information is going to hinder our ongoing attempts at mediation and settlement. Additionally, because of the fact of our confidentiality and the fact that the Stipulation has not been entered as an order, we effectively do not have the ability to bring any influence in regard to your client.

    I would prefer not to go to court and to through the process of redacting, lodging, etc. and I would welcome any ideas you have as to how we can cut through this and possibly enter into some stipulations and orders that would accomplish what my ex parte is attempting to do without the necessity of the time and money involved in going to court.

                Very truly yours,

                RONALD W. ANTEAU

RWA:ea
Enclosures
cc:     Basel Jamra, Esq.
        Jamra Law Team

●●●●● AT&T M-Cell 🛜   19:02   ✈ 69% 🔋

‹ Отпр...нные   🔽   🗑   ⌄

# (без темы)   ☆



**Ashot Ashot**
forashot49@gmail.com
Скрыть детали

Кому:    Nikolaus Wilhelm

Дата:   21 июля 2015 г., 18:49



↩
Ответить

➡
Переслать

Page 19



Dear Nikolaus,

I received your letter today. I understand the issues mentioned in the letter and I am doing my best to handle the mentioned issues as soon as possible. At the same time, I am requesting you to do everything and anything possible to transfer the sum of USD $3,000,000 to my wife, Natalie Tsegalova by way of wire transfer to routing number BOFAUS6S and account number

3 2 5 0 4 0 9 9 8 5 5 6



**FEINBERG MINDEL BRANDT & KLEIN LLP**
12424 WILSHIRE BOULEVARD
NINTH FLOOR
LOS ANGELES, CALIFORNIA 90025
310-447-8675
310-447-8678 FAX
FMBKLAW.COM

Irwin B. Feinberg
*Steven A. Mindel
*°Robert C. Brandt
*Jeremy B. Kline
*Wallace S. Fingerett
*Megan E. Green

*°°Ronald W. Anteau, *of Counsel*
*Howard S. Klein (Ret.)*

*Nancy L. Burt
*John B. Chason
Neil H. Elan
Gregory A. Girvan
Amy Stallard Kapner
Rebecca L. Korinek
Donna L. Shapiro
Matthew K. Skarin
Lucy A. Vartanian
Taylor B. Wallin

* Certified Specialist-Family Law,
State Bar of CA, Board of Legal Specialization
† Fellow of the American Academy of Matrimonial Lawyers
‡ Fellow of the International Academy of Matrimonial Lawyers
° Diplomate-American College of Family Trial Lawyers

July 31, 2015

<u>**Via Facsimile Transmittal (+423 388 20 01)**</u>
<u>**and Federal Express**</u>

CTX Treuhand AG
Attn: Nikolaus Wilhelm
Lova-Center
Postfach 1150
9490 Vaduz/FL

   Re: Ashot Egiazaryan

Dear Mr. Wilhelm:

   I am Natalia Tsagolova's attorney in regard to her present discussions with Ashot
Egiazaryan regarding resolving certain issues.  As a result of these discussions, I am advised that
certain documents have been e-mailed to you by Mr. Egiazaryan, your receipt of which I would
like to confirm.  These are: (1) an e-mail from Mr. Egiazaryan to you of 21 July 2015; and (2) an
e-mail of Instructions to Trustee dated 28 July 2015 and e-mailed to you on the same date, which
are enclosed for your information.

   The discussions at this point include the parties cooperating in Mr. Egiazaryan securing a
"green card" (which I understand you require of him) and satisfaction of the parties' creditors.

   I would request your assistance in being provided, since inception, as set forth in the
Instructions to Trustee, paragraph 3, with: "... copies of all documents relating to the formation of
the Trust, the Trust under which is was formulated, periodic statements regarding the account
and any other documentation or correspondence regarding the account."

   Lastly, as to the July 21st instruction from Mr. Egiazaryan relative to the disbursement of
funds to Ms. Tsagolova, please advise as to when same will be disbursed to her.

H:\FILES\TSAGOLOVA, NATALIA\DISSO .002\CORRES\CTX Treuhand AG 07.31.15.wpd

CTX Treuhand AG
Attn: Nikolaus Wilhelm
July 31, 2015
Page 2

     Thank you for your anticipated courtesy and cooperation in the handling of this matter
and if I can be of any assistance, please feel to contact me and I will be happy to discuss these
matters further with you.

                  Very truly yours,

                  RONALD W. ANTEAU

RWA:eag
enclosures

**Ronald Anteau**

| | |
|---|---|
| **From:** | Ronald Anteau |
| **Sent:** | Monday, August 10, 2015 5:19 AM |
| **To:** | Ronald Anteau; Nikolaus Wilhelm |
| **Cc:** | Asa Gitter |
| **Subject:** | RE: [SPAM] AW: Nikolaus Wilhelm: Alpha Trust\Egiazaryan and Tsgolova |

Good day Nikolaus: Do you have any response to this email and\or as to your legal departments response to our request for information? Thanks  Ron

**From:** Ronald Anteau
**Sent:** Friday, August 07, 2015 5:19 AM
**To:** Nikolaus Wilhelm
**Cc:** Ronald Anteau
**Subject:** RE: [SPAM] AW: Nikolaus Wilhelm: Alpha Trust\Eglazaryan and Tsgolova

Dear Nikolaus: How does one secure the written approval of the "protector"?

**From:** Nikolaus Wilhelm [mailto:nwilhelm@codextrust.com]
**Sent:** Friday, August 07, 2015 12:19 AM
**To:** Ronald Anteau
**Subject:** [SPAM] AW: Nikolaus Wilhelm: Alpha Trust\Egiazaryan and Tsgolova

Dear Ronald

Thank you for your e-mail.

Please be informed that we cannot provide information to beneficiaries without the prior written approval of the protector.

Kind regards

CTX Treuhand AG

Nikolaus Wilhelm

**Von:** Ronald Anteau [mailto:RAnteau@FMBKLAW.COM]
**Gesendet:** Donnerstag, 6. August 2015 17:08
**An:** Codex Treuhand AG
**Cc:** Ronald Anteau; Asa Gitter
**Betreff:** ATT: Nikolaus Wilhelm: Alpha Trust\Eglazaryan and Tsgolova

Good Day Nikolaus:  Ms. Tsgolova has asked that I enquire of you as to certain information:
1. What is the present balance of funds?
2. What disbursements have been made since the funds were received?

This information is necessary for the ongoing mediation we are presently involved in and is needed urgently.

1

Page 23

Your courtesy and cooperation is most appreciated.

Please confirm receipt of this email.

Ronald W. Anteau



FEINBERG MINDEL BRANDT & KLEIN LLP
12424 WILSHIRE BOULEVARD
NINTH FLOOR
LOS ANGELES, CALIFORNIA 90025
310-447-8675
310-447-8678 FAX
FMBKLAW.COM

Irwin B. Feinberg          *Nancy L. Burt
*Steven A. Mindel         *John B. Chason
**Robert C. Brandt            Neil H. Elan
*Jeremy B. Kline         Gregory A. Girvan
*Wallace S. Fingerett    Amy Stallard Kapner
*Megan E. Green          Donna L. Shapiro
                          Matthew K. Skann
**Ronald W. Anteau, of Counsel      Taylor B. Wallin
Howard S. Klein (Ret.)

* Certified Specialist-Family Law,
State Bar of CA, Board of Legal Specialization
*Fellow of the American Academy of Matrimonial Lawyers
Fellow of the International Academy of Matrimonial Lawyers
Diplomate-American College of Family Trial Lawyers

August 10, 2015

<u>Via Email</u>

Dr. jur. Thomas Wilhelm
Lova-Center
Postfach 1150
9490 Vaduz/FL

      Re:    *Alpha Trust*
           Our File Number:    9572.002

Dear Dr. Wilhelm:

I have been dealing with Nikolaus Wilhelm regarding certain issues relating to the above trust. In this regard he has received on 31 July correspondence and documents, a copy of which is enclosed for your convenience.

On 6 August, I emailed Nikolaus requesting information as to what was the present balance of the trust funds and what distributions have been made since the funds were received.

When I spoke with Nikolaus as to the status of the 31 July email, he advised me that it had been provided to the legal department and he expected a response to be provided by 10 August 2015.

As to my email of 6 August and the information sought therein, his response was "we cannot provide information to beneficiaries without the prior written approval of the protector." My response to him was "how does one secure the written approval of the 'protector'?"

I assume that you are the legal department and the "protector" and since Nikolaus will not return until later this week, I have chosen to request the information directly from you. The other issue that has also been presented relates to the instruction from Ashot of the $3,000,000 to be distributed to Ms. Tsagolova and the timing and when she may expect to receive same.

H FILES TSAGOLOVA, NATALIA DISSO 002 CORRES Wilhelm 08 10 15 wpd

Dr. jur. Thomas Wilhelm
August 10, 2015
Page 2

    Thank you for your anticipated courtesy and cooperation in responding to the matters contained herein.

               Very truly yours,

                    RONALD W. ANTEAU

RWA:ea

H:\FILES\TSAGOLOVA, NATALIA\DISSO 002\CORRES\Wilhelm 08 10 15 wpd