# EXHIBIT 33

1 | Stephen A. Kolodny, State Bar No. 38026
2 | Deborah C. Sun, State Bar No. 247527
Alexa S. Wolff, State Bar No. 265777
3 | KOLODNY LAW GROUP
9100 Wilshire Boulevard
Ninth Floor, West Tower
4 | Beverly Hills, CA 90212-3425
Telephone : 310-271-5533
5 | Telecopier : 310-271-3918

**FILED**
Superior Court
FEB 0 9 2016
JOHN A. CLARKE, CLERK
BY _____ DEPUTY

6 | Attorneys for Intervenor, VITALY IVANOVICH SMAGIN



## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re the Marriage of | CASE NO. BD 595 136 |
| Petitioner: NATALIA TSAGOLOVA | [~~Proposed~~] ORDER ON EX PARTE REQUEST FOR ORDERS RE RESTRAINING ORDERS, ACCESS TO SEALED DOCUMENTS AND NOTICE TO PARTIES |
| and | |
| Respondent: ASHOT EGIAZARYAN | |
| | JUDGE: Hon. Michael E. Whitaker |
| VITALY IVANOVICH SMAGIN, | DATE: February 9, 2016 |
| Intervenor, | TIME: 8:30 a.m. |
| | DEPT: 43 |

Intervenor, VITALY SMAGIN's, Ex Parte Request for Orders For Intervention in Action, Restraining Orders Against Parties, Access to Lodged Documents came on regularly for hearing on Friday, February 9, 2016, at 8:30 a.m., in Department 43 of the above-entitled court, the Honorable Michael E. Whitaker, Judge, Presiding. At said time and place Intervenor Vitaly Smagin was not present but he was represented by Kolodny Law Group, by Stephen A. Kolodny, his attorney of record. For the reasons set forth in Intervenor's moving papers, no notice was given to the parties to prevent the dissipation, concealment or transfer to a foreign jurisdiction of the funds which Intervenor sought to make the subject of this ex parte order.

/ / / / /

After considering the ex parte application of Intervenor Vitaly Smagin, the documents submitted in connection therewith, and the law as provided by Intervenor's counsel in connection with this ex parte application,

**THE COURT ORDERS AS FOLLOWS:**

1. **Request to Intervene:** Vitaly Ivanovich Smagin ("Intervenor") is granted leave to intervene in the dissolution action as a matter of right.

2. Intervenor is granted leave to file a Complaint in Intervention in this matter based upon Intervenor's interest in the matter of this litigation and assertion of interests adverse to Petitioner and Respondent.

3. <u>**Restraining Order:**</u> Petitioner, Respondent and her/his agents and/or any person or entity acting under her/his direction or control are immediately restrained from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, which asset exceeds $10,000 in value **without prior order of the Court** permitting such a transfer. This order modifies the Automatic Temporary Restraining Orders (ATROs) set forth in the Petition for Dissolution filed January 22, 2014. This order is based upon the following findings made by the Court based upon the evidence presented by Intervenor:

   A.   The basis of the London Award resulted from Respondent's past fraudulent and deceptive acts to conceal and misappropriate assets from Intervenor through the use of entities in foreign jurisdictions, including Cyprus and the British Virgin Islands. (See Ex. "A.") Moreover, after a full hearing and hours of testimony from Respondent, the London High Court specifically acknowledged and referenced Respondent's past practice of concealing his beneficial ownership in assets by the use of nominees and nominee companies. The London High Court also made several findings demonstrating Respondent's lack of trustworthiness, including its rejection of his argument that the operative agreement was forged and that he was not the beneficial owner of certain assets. (See Ex. "B" at ¶¶ 6, 7, 15, 35.)

   B.   Respondent has also been the subject of investigations and charges for numerous other financial crimes in Russia. Respondent is currently an international fugitive on Interpol's

wanted list as a result of his arrest *in absentia* in Russia for financial crimes (see Ex. "BB"), including the fraud and deceit he practiced against Intervenor that was the basis of the litigation resulting in the London Award.

  C. Respondent has acknowledged that he uses nominees and offshore companies to conceal his assets. He has explained in prior litigation that this is a typical way of doing business in Russia and among Russian businessman. According to Respondent, "[i]n Russia, it is common to own the share interest in business through nominees and several noncommercial companies." (See Ex. "C" at ¶ 2.3.) Respondent further explained that this is done to prevent corporate raiding by making it "more complicated for the potential raiders to define the owners of the assets within the different layers of the business and share interest." (See Ex. "C" at ¶ 2.3.) The use of nominees and offshore companies to make it more difficult to identify Respondent's assets is exactly what Intervenor is trying to prevent by intervening in this matter and seeking these restraining orders.

  D. Additionally, the basis of Petitioner's 2015 Bankruptcy rests upon Respondent's willingness to hide and conceal assets from Petitioner in these family law proceedings. (See Ex. "N," at ¶ 2:12-21.)

  E. The U.S. District Court has found that restraining orders should be issued to protect Intervenor based upon Respondent's conduct. On December 23, 2014, the United States District Court entered a restraining order freezing Respondent's California assets and later expanded the restraining order to include orders freezing Respondent's worldwide assets. (See Ex. "D" & "L.")

4. **Records:** The Court finds that the parties' July 8, 2014 Protective Order is improper and the Court sets aside the Order for the following reasons:

  A. Paragraph 8 of the Stipulation and Order violates California Rules of Court, rule 2.550(d), because the parties have agreed that the constitutionally mandated findings set forth in California Rules of Court, rule 2.550(d) are made by agreement of the parties not by the Court based on actual facts to support such an order. Pursuant to California Rules of Court, rule 2.551(b), said findings are only to be made by the Court after a motion to seal has been made.

  B. Paragraph 8(a) of the Stipulation and Order violates California Rules of Court, rule 2.551(b)(3)(A), because it provides that "Confidential Information shall be submitted in such a

TSAGOLOVA v. EGIAZARYAN    CASE NO. BD 595 136
2016-02-04 PROPOSED ORDER ON EX PARTE RFO.wpd 2016-02-08 (20:00:19) DCS    PAGE 3
**ORDER ON EX PARTE REQUEST FOR ORDERS**

1  manner as the Court may direct to ensure the confidentiality of the Confidential Information," instead
2  of following the constitutionally mandated procedures.

3        C.      Paragraphs 8(a) and (b) violate California Rules of Court, rule 2.551(b), because
4  the parties agreed to shift the burden of proof to show that information is <u>not</u> confidential to the party
5  intending to divulge documents marked confidential by the other party, instead of leaving the burden
6  of proof to show sufficient facts to justify sealing on the party making the application to seal the
7  records as set forth in said rule.

8        D.      Paragraph 17 violates California Rules of Court, rule 2.551 (b)(1), because the
9  parties agree that the parties will make a "joint Motion to seal the file, to seal financial documents,
10 corporate or personal documents marked 'CONFIDENTIAL' and also for a closed courtroom," instead
11 of following the California Rules of Court which do not provide for "joint" motions to seal court
12 records or mandate a closed courtroom.

13     5.      The Court finds that the parties' July 14, 2015 Protective Order is improper and the
14 Court sets aside the Order for the following reasons:

15        A.      Paragraph 8 is improper for the following reasons: (1) it places an impermissible
16 condition on filing the documents with the Court, which may delay or prevent the public from
17 accessing the records; (2) it impermissibly shifts the burden to the Court to protect the parties instead
18 of the public's constitutional right to access the records; and (3) the provision does not include the
19 constitutionally mandated procedures set forth in California Rules of Court, rule 2.551(b)(3)(A).

20        B.      Paragraph 15 is improper for the following reasons: (1) a motion to seal does
21 not need to be "deemed necessary," the law requires that such a motion must be filed if a party wants
22 to file a document under seal; and (2) the constitutionally mandated procedures do not provide for
23 "joint" motions.

24        C.      Paragraphs 7 and 9 are improper for the following reasons: (1) these provisions
25 impermissibly usurp the Court's obligation to find facts to establish the findings set forth in the
26 California Rules of Court after a hearing on a noticed motion; (2) these provisions allow the parties
27 to exclude from the Court's records documents that the parties' have arbitrarily deemed to be
28 confidential thereby depriving the Court of an evidentiary basis for its findings and impermissibly

TSAGOLOVA v. EGIAZARYAN            CASE NO. BD 595 136
2016-02-04 PROPOSED ORDER ON EX PARTE RFO.wpd 2016-02-08 (20:00:19) DCS      PAGE 4
**ORDER ON EX PARTE REQUEST FOR ORDERS**

depriving the public access to the records; and (3) these provisions do not provide with specificity the page and exact documents that are to be excluded from the file.

6.   The Court finds that after the unredacted documents set forth below were lodged with the Court, and neither Respondent nor Petitioner moved to have the records sealed pursuant to the mandatory requirements of California Rules of Court, rule 2.551.

7.   Intervenor shall be immediately permitted access to and shall be allowed to review unredacted documents that either or both parties have marked "CONFIDENTIAL" and/or have lodged with the Court conditionally under seal, and said documents shall be placed in the public file pursuant to California Rules of Court, rule 2.551; said documents include, but are not limited to:

(1)   "Stipulation and Order Re: Protective Order and Order Thereon Regarding Confidential Settlement Deed Dated May 21, 2015" filed by Respondent on July 14, 2015;

(2)   "Stipulation Re Advance Distribution of Funds, Continuance of Pending Hearings and Related Matters; and Orders Thereon" signed by the parties and counsel on July 6, 2015 (unredacted version lodged with Court; redacted version attached as Ex. "2" to Petitioner's August 18, 2015 ex parte application and is attached hereto as Ex. "X");

(3)   Documents regarding the account holding the funds to be disbursed (unredacted document lodged; referenced as Ex. "3" to Petitioner's August 18, 2015 ex parte application filed);

(4)   A July 22, 2015 letter from Basel Jamra to Ron Anteau, including enclosures (unredacted version lodged with Court; redacted version attached as Ex. "4" to Petitioner's August 18, 2015 ex parte and is attached hereto as Ex. "Y");

(5)   A July 21, 2015 letter to Respondent from third party advising that no distribution will be made to Petitioner until the divorce is fully and completely resolved (a copy of said letter was lodged as Exhibit "5" with the Court in connection with Petitioner's August 18, 2015 ex parte);

(6)   Joint instructions to the trustee regarding the release of documents (unredacted version lodged with the Court; a redacted copy of said joint instructions was filed as Ex. "6" in connection with Petitioner's August 18, 2015 ex parte and is attached hereto as Ex. "Z");

/ / / / /

/ / / / /

1      (7)    An August 13, 2015 letter from Ron Anteau to Grace Jamra detailing day-to-day attempts to consult with third parties authorized by the Joint Instructions (unredacted version lodged with the Court; referenced as Ex. "7" in connection with Petitioner's August 18, 2015 ex parte); and

    (8)    A Notice of Lodging that includes evidence reflecting Respondent's compliance with the terms of the "Stipulation Re Advance Distribution of Funds, Continuance of Pending Hearings and Related Matters; and Orders Thereon," lodged with the Court by Respondent in connection with Petitioner's August 18, 2015 ex parte.

8. **Delay of Notice:** The Court finds that Intervenor has established a sufficient prima facie case that Respondent has engaged in a pattern of concealing and transferring assets to avoid his financial obligations. Therefore, notice of this ex parte application and notice of this order shall be delayed by 10 business days from the date of this order so that Intervenor may file an action and/or otherwise seek restraining orders in the jurisdiction where the funds are located. Intervenor shall give notice of these ex parte orders by February 23, 2016.

DATED: February 9, 2016

MICHAEL E. WHITAKER, Judge
Los Angeles Superior Court

TSAGOLOVA v. EGIAZARYAN      CASE NO. BD 595 136
2016-02-04 PROPOSED ORDER ON EX PARTE RFO.wpd 2016-02-08 (20:00:19) DCS      PAGE 6
**ORDER ON EX PARTE REQUEST FOR ORDERS**



I certify that this is a true and correct copy of the original Order
on file in this office consisting of 12 pages.
SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles.
Date: FEB 1 0    By: _____, Deputy

M WILKERSON