EXHIBIT "6"

Case Number :NEVHCV2020/0027

FILED
HIGH COURT
ST.CHRISTOPHER / NEVIS
(NEVIS CIRCUIT)

Submitted Date:24/04/2020 15:21

Filed Date:24/04/2020 15:21

Fees Paid:22.00

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
FEDERATION OF ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT

A.D. 2020
(CIVIL)

CLAIM NO: NEVHCV2020/0027

BETWEEN

        **VITALY GOGOKHIA**        Claimant/Applicant

-AND-

1. **SAVANNAH ADVISORS INC**
2. **THOMAS WILHELM**
3. **NIKOLAUS T. WILHELM**
4. **CTX TREUHAND AKTIENGESELLSCHAFT [ALSO KNOWN AS CTX TREUHAND AG] AS TRUSTEE OF THE ALPHA TRUST**
5. **ALPENROSE WEALTH MANAGEMENT AG**
6. **ASHOT EGIAZARIAN**

        Defendants/Respondents

## SECOND AFFIDAVIT OF 6TH DEFENDANT

(*In response to Affidavit in reply to sixth Respondent's Application*
&
*Affidavit of Vitaly Gogokhia dated 17th April, 2020 – Notice of Application to continue Interim Injunction*)

I, **ASHOT EGIAZARIAN** of 655 Endrino Place, California, USA 90210 affirm and say as follows: -

1. I am the Deponent and I am the 6th Defendant to these proceedings.
2. I have read the Affidavit of Vitaly Gogokhia in reply to my Application to set aside the Worldwide freezing Order and the Application and Affidavit of Vitaly Gogokhia in relation to a continuation of the interim Injunction. I wish to respond to these Affidavits as well as indicate to the court matters that have arisen since my last Affidavit.
3. Where the facts stated herein are within my direct personal knowledge they are true and where not within my direct personal knowledge they are true to the best of my knowledge, information and belief.

**1 of 12**

*Affidavit in Reply to my Application to set aside freezing Order.*

4. In relation to paragraph 5 of the Affidavit of Vitaly Gogokhia I admit and accept that I have made attempts to settle the debt. However, I do not presently comment on each and every contention raised in paragraph 5, several of which I deny, because they are not pertinent to resolution of my application to set aside freezing Order and address the merits of the underlying matter.

5. In relation to paragraph 7 & 8, I repeat my earlier statement with regards to my unsuccessful attempts to settle the debt. Again, I do not presently comment on each and every contention raised in paragraph 5, several of which I deny, because they are not pertinent to resolution of my application to set aside freezing Order and address the merits of the underlying matter.

6. Paragraph 9 is denied. The Applicant is aware that there were several court matters affecting my ability to settle debts and deal with assets. The Applicant initiated proceedings in the UK for payment of the debt. While matters were ongoing in other jurisdictions, particularly in relation to the claim by Mr. Smagin, I would have retained attorneys to challenge these matters. As such while interim orders and injunctions were made against me, I had been and still am contesting some of these matters with the hopes of being able to recover assets due to me.

7. The Applicant would have filed an application for registration of the London Judgment within this jurisdiction. Separate and apart from the underlying debt, the Applicant has given no evidence in relation to the assets he was seeking to file charges against. Furthermore, the Applicant then filed a ***Without Notice Application*** for a Worldwide freezing Order and Asset Preservation Order without any due diligence or request to my solicitor concerning any such assets. I would have only been notified of the Application after the court had already heard the matter and granted the Order.

8. At no point have I ever misled the court or the Applicant. In fact, in consultation with counsel, I have sought not to waste the court's time by consenting to applications when possible. The Applicant contends that it is unconscionable to permit me to now introduce the Order. The Order exhibited is dated the 1st April 2020 and became available to me on the 2nd April 2020 at which point I instructed my solicitor to notify the Applicant's attorney. This is not a document created by me but a Court Order to which I am bound. I am informed and believe that Mr. Gogokhia may be bound by it as well even though he is not a party to that litigation.

9. In relation to paragraph 10, as indicated, I have disclosed the California Order dated the 1st April 2020 at the earliest date available. The Applicant in deciding to pursue the matter within this jurisdiction at no point requested or made inquiries regarding the accessibility or status of these assets. Instead, the Applicant chose to file a claim seeking an injunction against assets without any due diligence or confirming that there were in fact available assets to satisfy the judgment within this jurisdiction.

10. In relation to paragraph 12, I have no knowledge of the communication with Thomas Wilhelm, Nikolaus Wilhelm and CTX or the lack thereof. I have no ability to direct any payments to be made or any transfer of monies from said trust. As previously stated, I have also been precluded from receiving any information from CTX as the (former) trustee of the Alpha Trust, as this would constitute a criminal act in Liechtenstein. In any event, as exhibited to my earlier affidavit at exhibit "**AE1**", I was advised that CTX has resigned from its position and is no longer the trustee of Alpha Trust.

11. I deny Paragraph 13 and the contents therein. I was served with an Order which allowed me 14 days to file a response or Apply to set aside the Order. On the 3rd April 2020 I filed the relevant Affidavit and application to the court as per the Order. As such, to say that I did not respond or acknowledge service is inaccurate. Furthermore, the documents were served on me in the height of the Covid-19 pandemic which made movement and recovery of information difficult. I am reliably informed by my solicitor and do believe that this was conveyed to Counsel for the Application and particularly why a letter was sent prior to the filing of my Affidavit.

12. I have no rights to direct or receive any payment from Alpha Trust which holds Savannah Advisors Inc. Similarly, I have also been precluded from receiving any information from CTX as the (former) trustee of the Alpha Trust regarding the operations of Savannah Advisors Inc. After becoming aware of this matter, I instructed my Solicitor to write to the registered agent of Savannah Advisors Inc to seek the information requested by the Application. To date, I am advised by my Solicitors and do believe that no response to this request has been received.

13. In relation to paragraph 18, I deny the contents therein. In the letter dated the 2nd April 2020 sent to the Applicant's attorney, my Solicitor advised in the very first paragraph that a request was made to the registered agents without a response. In any event, Savannah Advisors Inc is named as a party to this suit and would have said documents within its control or at its disposal. As such, the Applicant's statements are inaccurate.

14. Paragraph 23 and 24 are denied. The Applicant has failed to show any connection with Nevis so as to cause these Courts to exercise its jurisdiction in the matter. The Applicant's claim is based on an alleged interest in Alpha Trust, a Liechtenstein Trust which at the time of filing was controlled by a Liechtenstein trustee. The Applicant sought to obtain a Judgment in the courts in the UK and registered the judgment in this jurisdiction without any due diligence or request for information. After realizing its error, the Applicant has now initiated a separate claim again seeking to fish for information and documentation to substantiate a claim for monies held by entities to which I have no rights to direct or receive payment from or access to information. I therefore do not believe there is a real issue to be tried within this jurisdiction or properly before the Court.

15. Paragraph 23 is denied for reasons already stated. At all times I was guided by the court order obtained by the Applicant without Notice to me or my Solicitors.

16. In relation to paragraph 24, I am named in the US suit and therefore bound by the ruling of said court. I do not wish to fall in contempt of the US court Order. This will undoubtedly affect my ability to fully defend this matter since the court has ruled that any enforcement matters within this jurisdiction must stop.
17. Mr. Smagin attempted to commence contempt proceedings in relation to the April 1st, 2020 Order against me. The initial Application was dismissed as it was filed Ex Parte, without any basis for a without notice hearing. A copy of the Court Order is exhibited herewith and marked "**AE3**".
18. Since this, on the 20th April, 2020 a Motion for Civil Contempt Order has again been filed by Vitaly Smagin before the California Court and is set for hearing on the 18th May 2020. A copy of the Motion is Exhibited herewith and marked "**AE4**".
19. Point (F) of the Memorandum of points and Authorities accompanying the Motion for Contempt speaks directly to the continuation of this claim and sets out:

### F. Vitaly Gogokhia's Nevis Action Continues

In spite of this Court's directives in the Clarifying Order, Judgment Debtor Yegiazaryan has failed to bring Mr. Gogokhia into compliance with the April 1st Clarifying Order regarding his Nevis Action. Since that time, Vitaly Gogokhia has done all of the following: (1) On April 8, he sought an order from the Monaco court demanding that it freeze Savannah's Account pursuant to his Judgment in Nevis; (2) on April 8, he sent a notice to the Monaco bank to the same effect; and, (3) on April 16, he informed Savannah's Nevis counsel that he intends to continue his enforcement actions there. V. Gogokhia Seizure Notice, Kennedy Decl., Ex. 4; April 16th Email, Kennedy Decl., Ex. 24.

The Court's Clarifying Order is unambiguous: Judgment Debtor Yegiazaryan and Vitaly Gogokhia "must immediately cease all actions in Nevis or any other jurisdiction that would prevent, hinder, or delay Mr. Smagin's ability to collect on the assets of the Alpha Trust" and "[t]o the extent any such enforcement actions have already begun, they must be immediately stopped." Clarifying Order, ECF 245 at 8.

Two weeks have passed, Vitaly Gogokhia's Nevis Action remains active and he

14

intends to continue the action and its enforcement. Because Judgment Debtor Yegiazaryan set this fraudulent action in motion, it is Judgment Debtor Yegiazaryan who must act swiftly to stop it. If he cannot make that happen, Judgment Debtor Yegiazaryan must be held responsible for the consequences of his fraudulent scheme and found in contempt.

Judgment Debtor Yegiazaryan must cause Vitaly Gogkhia to immediately dismiss the Nevis Action with prejudice and cease any attempted enforcement of any orders from that action in Monaco or anywhere else. Judgment Debtor Yegiazaryan also must sign a sworn statement that the consent judgment with Vitaly Gogokhia was fraudulent, which Judgment Creditor Smagin may then use to attempt to undo the fraudulent consent judgment.

20. Paragraph 25 is denied. I deny that I have other assets as claimed by the Applicant. I would have made offers to try and settle the debt. However, each time I have been unable to materialize on those offers due to existing or new litigation and Court Orders.

*Application to continue interim Injunction*

21. Save that the cost was settled in full, paragraph 6 of the Affidavit of the Applicant in support of the Application to Continue Interim Order is denied.
22. In relation to paragraph 9, the Order was disclosed at the earliest possible time by my Solicitor. The Order is an order by the court which was not initiated by me in a matter which has been ongoing for several years.
23. In relation to paragraph 10, the Applicant has shown no request neither in this jurisdiction or any other for a disclosure of my means. The Applicant has been aware of my existing difficulties with court matters as he had been a party to some claims. Even after registering the Judgment within this jurisdiction, no request as to means or assets was made and instead the Applicant sought to request a Worldwide Freezing Order.
24. Paragraph 12 is denied. While the substantive Application for registration of the UK judgment was not opposed, I am advised by my Counsel and do believe that a question was raised in terms of enforcement and the application not specifying assets within the jurisdictions. The Applicant now seeks to enforce that order by initiating a new claim and filing an Application for interim relief. I deny that I have withheld essential information or mislead the court or seek to use the California Court as a shield to the payment of debts.

By the Applicant's own evidence, I have made proposals to try and liquidate the debt. However, no such proposals have materialized.

25. Paragraphs 13, 14 and 15 are denied for reasons already stated.
26. The Applicant's refusal to discontinue the current claim, which directly contradicts with an Order of the California Court, exposes himself (and, I am informed and believe, potentially me) to contempt proceedings in the US which include monetary sanctions and or imprisonment. This would undoubtedly create further strain and delay any ability to satisfy any outstanding judgments.
27. I therefore continue to ask that the current Order be set aside, and the matter be stayed or dismissed.

I hereby make this affidavit to the best of my belief and knowledge.

SWORN by the said
**ASHOT EGIAZARIAN**                    )
                                                              )          ..................................
This       day of April 2020           )          ASHOT EGIAZARIAN
              E.G.

Before me: -

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California, County of Los Angeles
Subscribed and sworn to (or affirmed) before me on this 24 day of April 2020 by Ashot Egiazarian proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature_____E. Luly_____(seal)

E. GOLRIZ
Commission No. 2264142
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires OCTOBER 25, 2022

**"AE 3"**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09764-RGK-PLA | Date | April 15, 2020 |
|---|---|---|---|
| Title | *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: *Ex Parte* Application for Contempt Against Judgment Debtors [DE 247]

## I. INTRODUCTION

On April 1, 2020 this Court granted Plaintiff Vitaly Ivanovich Smagin's request for an Order clarifying its November 14, 2016 post-judgment injunction. The Court's order stated, in part, that Defendant Ashot Yegiazaryan, and anyone acting in concert with him "must immediately cease all actions in Nevis or any other jurisdiction that would prevent, hinder, or delay Mr. Smagin's ability to collect on the assets of the Alpha Trust pursuant to the current and forthcoming orders of the Liechtenstein Court or this Court."

Presently before the Court is Plaintiff's *Ex Parte* Application for a finding of contempt as to both Ashot Yegiazaryan and his cousin, Suren Yegiazaryan. (ECF No. 247.) For the following reasons, the Court **DENIES** Plaintiff's application.

## II. DISCUSSION

The Court denies Plaintiff's application for two reasons. First, Plaintiff has provided no justification as to why this motion must be heard on an *ex parte* basis. Second, Plaintiff's requested relief is too vague to substantiate imposition of the kind of remedial sanctions he is seeking.

"An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Santos v. TWC Admin. LLC*, CV-13-04799-MMM (CWx), 2014 WL 12703021, at *1 (C.D. Cal. Sept. 15, 2014) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). To justify *ex parte* relief, the movant must establish two things. First, an "ex parte motion paper[] [must] establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner." *Mission Power*, 883 F. Supp. at 492. Second, the movant must show that it is "without fault in creating the crisis that requires ex parte relief, or that the

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-09764-RGK-PLA | Date | April 15, 2020 |
|---|---|---|---|
| Title | *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan* | | |

crisis occurred as a result of excusable neglect." *Id.* This "requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

Here, Plaintiff has made no showing that the proposed relief "cannot be calendared in the usual manner." *Mission Power*, 883 F. Supp at 492. In fact, Plaintiffs' *ex parte* Application contains no reference to the applicable standard for granting *ex parte* relief. Other than being captioned as an "*Ex Parte* Application," the Application is in every sense a typical motion.

The Court is aware that the risk of asset dissipation in this case may justify *ex parte* relief in some circumstances. However, Plaintiff has made no showing that such issues are present at this time. As Defendant points out, Plaintiff has now appointed two trustees to the Alpha Trust, and no distributions can be made without their consent. As such, the Court sees no reason why this issue cannot be addressed as a noticed motion.

Next, Plaintiff's requests for relief are too general. While this Court's injunction is broad, any contempt order will almost certainly be specific. The Court is unlikely to impose sanctions or imprisonment to compel anything as broad as general compliance with the injunction. Plaintiff must identify what specific actions he desires Defendant to either perform or cease performing before the Court will impose sanctions to compel them.

Accordingly, the Court **DENIES** Plaintiffs' *Ex Parte* Application.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____

**"AE 4"**

1  Nicholas O. Kennedy (State Bar No. 280504)
   nicholas.kennedy@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   1900 North Pearl Street, Suite 1500
3  Dallas, TX  75201
   Telephone:   214 978 3000
4  Facsimile:   214 978 3099

5  Barry J. Thompson (State Bar No. 150349)
   barry.thompson@bakermckenzie.com
6  **BAKER & McKENZIE LLP**
   1901 Avenue of the Stars, Suite 950
7  Los Angeles, CA  90067
   Telephone:   310 201 4728
8  Facsimile:   310 201 4721

10 Attorneys for Judgment Creditor
   VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>    Judgment Creditor,<br><br>    v.<br><br>ASHOT YEGIAZARYAN, a.k.a. ASHOT EGIAZARYAN,<br><br>    Judgment Debtor. | **Case No.  14-cv-09764-RGK (PLAx)**<br><br>**JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT ORDER**<br><br>**Date:   May 18, 2020**<br>**Time:   9:00 a.m.**<br>**Courtroom: 850 - 8th Floor**<br>**The Honorable R. Gary Klausner**<br><br>**Roybal Federal Building and U.S. Courthouse**<br>**255 East Temple Street**<br>**Los Angeles, CA 90012** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

**9 of 12**
Case No. 14-cv-09764-RGK (PLAx)
JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION FOR AN ORDER RE CIVIL CONTEMPT AND SANCTIONS

# NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that at 9:00 a.m. on **May 18, 2020**, or as soon thereafter as counsel may be heard, in Courtroom 850, 8th Floor of the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, before the Honorable R. Gary Klausner, Judgment Creditor Vitaly Ivanovich Smagin ("Mr. Smagin") will move this Court for an Order re Civil Contempt and Sanctions under Federal Rule of Civil Procedure 70 ("Contempt Order").

Judgment Creditor Smagin's Motion seeks a Contempt Order against Judgment Debtor Ashot Yegiazaryan ("Judgment Debtor Yegiazaryan") and Suren Yegiazaryan for violating the express terms of the November 14, 2016 Order on Post-Judgment Injunction ("Post-Judgment Injunction Order") [ECF 90] and Order of April 1, 2020 clarifying the Post-Judgment Injunction ("Clarifying Order") [ECF 245] (collectively the "Court's Orders").

This Motion is based on this Notice, the accompanying the memorandum of points and authorities, the declaration of Nicholas O. Kennedy and evidence attached thereto, the declaration of William Hare, the proposed orders filed herewith, all of the pleadings and papers already on file in this action (including specifically the record on the Motion for Clarifying Order and prior *Ex Parte* Application for Contempt), and whatever evidence and argument is presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place starting on April 1, 2020 and continued via emails and phone calls through at least April 8, 2020. The Parties were unable to reach agreement on the issues raised concerning this Motion.

## REQUESTED RELIEF

Judgment Creditor Smagin urgently seeks the Court's assistance in enforcing the Court's Orders to prevent the transfer or divestment of the Alpha Trust funds that are subject to the orders. Should this Court find that Judgment Debtor Yegiazaryan and Suren Yegiazaryan have violated the terms of the Court's Orders, Judgment Creditor

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

10 of 12

Case No. 14-cv-09764-RGK (PLAx)
JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION FOR AN ORDER RE CIVIL CONTEMPT AND SANCTIONS

Smagin respectfully requests that the Court hold them in contempt and further requests that the Court take the following actions:

1. Impose a daily fine until Judgment Debtor Yegiazaryan and Suren Yegiazaryan comply with the Court's Orders;

2. If Judgment Debtor Yegiazaryan and Suren Yegiazaryan are not in full compliance with the Court's Orders and the Contempt Order sought by this motion within seven (7) days, issue a warrant taking Judgment Debtor Yegiazaryan and Suren Yegiazaryan into federal custody up to and through the time that Judgment Debtor Yegiazaryan and Suren Yegiazaryan are in full compliance with the Court's Orders and the Contempt Order;

3. Award Judgment Creditor Smagin the damages he has suffered as a result of Judgment Debtor Yegiazaryan and Suren Yegiazaryan's failure to comply with the Court's Orders;

4. Award Judgment Creditor Smagin his costs and attorneys' fees incurred in bringing this Motion for an Order re Civil Contempt and Sanctions; and

5. Provide Judgment Creditor Smagin any and all other relief that is just and proper under the circumstances.

Dated: April 20, 2020

**BAKER & McKENZIE LLP**
Nicholas O. Kennedy
Barry J. Thompson
By: */s/ Nicholas O. Kennedy*
    Nicholas O. Kennedy
Attorneys for Judgment Creditor
VITALY IVANOVICH SMAGIN

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

2
Case No. 14-cv-09764-RGK (PLAx)
JUDGMENT CREDITOR'S NOTICE OF MOTION AND MOTION FOR AN ORDER RE CIVIL CONTEMPT AND SANCTIONS

11 of 12

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
FEDERATION OF ST. CHRISTOPHER AND NEVIS
NEVIS CIRCUIT

A.D. 2020
(CIVIL)

**CLAIM NO: NEVHCV2020/0027**

**BETWEEN**

      **VITALY GOGOKHIA**      Claimant/Applicant

-AND-

1. **SAVANNAH ADVISORS INC**
2. **THOMAS WILHELM**
3. **NIKOLAUS T. WILHELM**
4. **CTX TREUHAND AKTIENGESELLSCHAFT [ALSO KNOWN AS CTX TREUHAND AG] AS TRUSTEE OF THE ALPHA TRUST**
5. **ALPENROSE WEALTH MANAGEMENT AG**
6. **ASHOT EGIAZARIAN**

      Defendants/Respondents

### SECOND AFFIDAVIT OF 6TH DEFENDANT

(*In response to Affidavit in reply to sixth Respondent's Application*
&
*Affidavit of Vitaly Gogokhia dated 17th April, 2020 – Notice of Application to continue Interim Injunction*)

**MERCHANT LEGAL CHAMBERS**
Barristers-at-Law & Solicitors for the 6th Defendant
Upper Prince Williams Street, Charlestown Nevis
Tel: 469-6652 Fax 469-1969
Email: merchant@merchantlc.com

**12 of 12**